PULLIAM AND WIFE v. WILKERSON et al.

1. CHANCERY COURT. *Jurisdiction of for the correction of errors of fact in the records of other courts.* The court of chancery has jurisdiction to correct errors of description of land sold under proceedings for partition thereof instituted in the County Court. Thus, where the report of the commissioners describes the land as being in district 2, when in fact it was in district 3, the owner under said proceeding may have the error corrected in a court of chancery.

·2. INNOCENT PURCHASER. *Notice·* A vendor of land is chargeable with notice of all defects appearing in the chain of title under which he claims, and cannot avail himself of the plea of innocent purchaser.

Pulliam *v.* Wilkerson.

3. MULTIFARIOUSNESS. *What is.* Where a bill has but one object it is not multifarious. Facts that will not constitute, see Heis. Digest, 540; Code, sec. 4327.

FROM FAYETTE.

Appeal from the Chancery Court. H. J. LIVINGTON, Chancellor,

No counsel marked.

McFARLAND, J., delivered the opinion of the court.

The complainants by this bill seek to recover in the right of the complainant Eliza V., a tract of land in Fayette county, of 100¼ acres in district 10, range 6, and section 3, known as the Hayes tract. They charge that this tract of land belonged to Wm. S. Gray, the grandfather of Eliza V.; that said Gray died intestate, and afterwards his lands were partitioned by a decree of the County Court of the county made in the year 1846; that in this partition this tract with others was allotted to the complainant, Eliza V., then an infant, and the only heir of her mother Eliza V., who was a daughter of W. S. Gray, and had married James Petitt and died; that said James Petitt held possession, being tenant by courtesy, until the year 1852, when he sold and conveyed the land to Holloway; that Holloway afterwards conveyed to W. C. Finney, and that Finney conveyed said land on the — day of ——, 1860, to the defendant W. B. Wilkerson, who now holds and claims the land; that said Petitt died in the year 1866.

In the year 1867, the complainants brought an action of ejectment to recover said land of the defendant Wilkerson, but it was discovered that in the proceeding in the County Court for the partition of W. S. Gray's lands before referred to, this tract was, by mistake, erroneously described both in the schedule of land filed with the petition and in the report of the commissioners, as lying in district 10, range 6, section 2, whereas it should have been section 3, by reason of which the complainants' remedy at law was embarrassed. They therefore come into a court of chancery to correct the mistake, recover possession of the land with account of rents, and have the cloud upon complainants' title, created by the deeds of Wm. Petitt, Holloway and Finney, removed.

It satisfactorily appears from the record that Wm. S. Gray was in his lifetime the owner of the land in controversy.

The petition for partition in the County Court contains no description of the lands sought to be partitioned, except a schedule filed therewith, which in figures gives the number of acres, district, range and section, and in some instances these were left blank. The schedule embraced a large quantity of lands in several different tracts. This schedule refers to no lands in section 3 which seems to correspond with the lands in controversy, but refers to lands which may correspond with this land lying in section 2.

The report of the commissioners describes one of the tracts assigned to the complainant Eliza V., and which, it is claimed, is the tract in controversy, as

follows: " " One hundred and one-fourth acres known
as the Hayes tract, in said county, 10th district, range
6, section 2."

There can be no reasonable doubt that the land
in controversy was the tract actually assigned by the
commissioners as above, and the reference to section 2
was a mere mistake, both in the report and in the
schedule, and that it should have been section 3.
The description is not full, but the tract was well
known as the Hayes tract, one Alfred Hayes having
at one time owned or claimed it.

It further appears from the proof of the witness
Phillips that W. S. Gray owned no land in section
2, although the schedule, before referred to, filed in
the County Court, describes several tracts as in sec-
tion 2. It further appears that the father of com-
plainant took possession of this tract under this parti-
tion, and the other heirs of W. S. Gray have ever
since acquiesced therein. They are parties to the
present case and do not now complain of it.

It is argued that this partition was not effectual;
that the land was not sufficiently described, and if
it was ever owned by W. S. Gray it still belongs
to his heirs in common, and that the complainant
cannot claim the tract as her own, and that she is
only entitled as against the other heirs to partition,
and that she cannot have this without first establishing
her title at law.

We are of opinion that the partition was effectual,
that all other questions out of the way, the acquiescence
of all parties in interest for more than twenty years

upon the facts stated, is conclusive, and that other parties have no right to complain of these irregularities even if they could be successfully relied upon by the other heirs of W. S. Gray.

But it is argued that the court of chancery has no jurisdiction to correct the mistake of the County Court; that this can only be done in the same court where the proceeding was had.

This argument is untenable; it does not rest upon the ground of correcting errors or mistakes in the judgment of a court. It is not sought to change the judgment of the court. The mistake is simply in the description of the land, made first by the attorney who filed the petition for partition, and also by the commissioners in making out their report of the partition. They, in fact, set apart this land to complainant, but in the report referred to described it erroneously. The decree of course follows this description.

If the partition had been by deeds, such mistake if it had occurred, could clearly be corrected in equity, and the same principle must apply where the mistake is made by commissioners making the partition under a decree of court. Otherwise there might be no effectual remedy, as applications to correct errors in the judgment of the court where the proceeding was had, or by bills of review, would most usually be barred by the statute of limitations before the mistake is discovered.

We think the jurisdiction of the court rests upon clear ground. The remedy of the complainants at law was embarrassed by reason of the mistake as to the

description in the partition proceedings, the record of these proceedings being a part of their claim of title.

Nor is the objection that the bill is multifarious well taken. The bill has but one object, that is to recover this tract of land, with such other relief as in a court of chancery is necessarily incident thereto, to remove defects and clouds upon the title, and with account of rents, etc. This is not multifariousness according to any reliable authority. Coce, sec. 4327; Heiskell's Digest, 540.

It is next argued that the defendant Wilkerson should be protected as an innocent purchaser, for value without notice. The right of the complainants to correct the mistake referred to in the description of the lands is clear, and not resisted by the only parties interested in this question, the heirs of W. S. Gray. This might have been done by a separate proceeding against them. This being done complainants prevail over the defendant Wilkerson by force of their superior legal title. The defendant Wilkerson does not profess to have purchased the legal title descended from W. S. Gray.

He is clearly chargeable with notice of all defects appearing in the chain of title under which he claims. He purchased from Finney, who held under Holloway, and the latter under Petitt. Had the defendant traced back the title to the deed of Petitt, made some eight years before his purchase, he would have found that Petitt had no title except life estate by the courtesy. It is not claimed that Petitt had any other title, nor did he in fact claim to have any other title.

Pulliam *v.* Wilkerson.

The doctrine of innocent purchaser cannot give the defendant any other title than such as he acquired by his deed, that is, the life estate of James Petitt. An innocent purchaser of the legal title for value will be protected against an equity of which he had no notice. This is upon the principle that their equities are equal, and his legal title superior. Story Eq. Jur., sec. 64c. But his want of notice of any adverse claim adds nothing to his legal title. And besides, the proof shows that Finney had actual notice of the state of title; that he in fact purchased upon the promise of Petitt to procure a conveyance of his daughter, the complainant Eliza V., upon her coming to her majority. And although there is some conflict, yet the weight of proof shows that the defendant Wilkerson was advised of this by Finney before the final consummation of their trade, at any rate the defendant had this notice before he paid all the purchase money. His purchase from Finney included in all over five hundred acres of land.

We are of opinion that the Chancellor's decree in favor of complainants is correct, and it will be affirmed with costs.