## SMITH *v.* BUTLER.

EVIDENCE—MISTAKE IN WRITTEN INSTRUMENT.—Plain mistakes, like fraud, constitutes one of the exceptions to the rule which forbids the admission of parol evidence to modify or contradict written instruments; but to authorize a court of equity to correct mistakes in such instruments the mistake must be alleged, and made out by clear and satisfactory proofs.

IDEM.—So, too, courts of equity will grant relief in cases of mistakes in judgments, decrees, or other matter of record, when the mistake is not judicial, and there is no means of obtaining relief.

PLEADING—Where a complaint alleges the facts constituting the mistake, although encumbered with other redundant matter, it will not be held insufficient on that account. The objectional allegations could have been expunged in the court below.

APPEAL from Polk County. The facts are stated in the opinion.

*Daly & Butler*, for appellant.

*J. W. Rayburn*, for respondent.

By the Court, LORD, J.:

This was a suit to correct a mistake in a decree of partition. The mistake originated in the description of a division line in the report of referees, and not being noticed at the time, was confirmed by the court without objection, and incorporated in its decree. The complaint is subject to some criticism for much redundant matter, but no pleading was resorted to to expunge these objectional features in the court below. It does, however, allege facts sufficient to show the mistake, and in what it consisted, and prays the equitable interposition of the court for the purpose of correcting that mistake, and to make the division line conform, in fact, to the division line intended and supposed to have been reported by the referees to the court for its action and judgment in the partition suit.

In the consideration of this case, we are not confronted with any facts or evidence which involves the question of notice, or the rights of innocent purchasers—it is presented on the bare issue of mistake. When denuded of all superfluous matter, the mistake is precisely alleged in the complaint, but before a court of equity is authorized to correct mistakes or reform written instruments, the mistake must be clearly and satisfactorily proved. Plain mistakes, like fraud, constitutes one of the exceptions to the admission of parol evidence to modify or contradict written instruments, (*Gump's Appeal*, 65 Penn. St., 478,) but courts of equity have adopted a rigid rule in respect to such evidence, and require the most clear and convincing proofs to establish

mistake, or reform written instruments. (1 Story's Eq. Jr., sec. 157; 2 Pomeroy's Eq. Jr., sec. 858, and cases cited.) Mere preponderance of evidence is not sufficient. (*Stockbridge Iron Co.* v. *Hudson R. Iron Co.*, 102 Mass., 45.) But the mistake must be clearly made out by satisfactory proofs. (*Nevins* v. *Dunlap*, 33 N. Y., 680.) So, too, equity will grant relief in cases of mistake in judgments, decrees, and other matter of record, when the mistake is not judicial and there is no other means of obtaining relief. (*Loss* v. *Obry*, 22 N. J. Eq., 55; 1 Story's Eq. Jr., sec. 166; 2 Pom. Eq. Jr., sec. 871, and cases cited in note.) A case is, therefore, presented by this suit of which courts of equity will take jurisdiction, and the only question for us now to consider is, whether the proof of that mistake is clearly and satisfactorily made out. Without recounting particulars, the evidence of the referees shows that the line located and intended to be the division line was not exactly the line they described in their report, and which the court confirmed and incorporated in its decree in the partition suit—that in the survey a monument was established at the beginning of the line, and posts set and marked each change of the line, and this was the line actually run, and intended and supposed by them and the parties at the time to be the division line established, but that a mistake was made in the report in the description of the line at the starting point, which had escaped their notice, and the notice of the parties, which makes a slight variation in the line contrary in fact to what was actually done, and what they supposed and intended to report. The evidence also shows that the parties soon after built their fences on the line as staked out by the referees, supposing it to be the line of division made out in the report of the referees, and have possessed and occupied since according to that division. The evidence is clear and direct,

free from contradictions, and testified to by parties whose business it was to know the facts. Nothing is offered in contradiction of this evidence, nor is there any evidence in conflict with it. We are satisfied there was a mistake, and the parties were ignorant of it, and to correct that mistake, and place the parties where they supposed they were, we conceive to be our duty in the premises. Of course, no question of disputed boundary is involved, or decided. The decree must be affirmed.

Decree affirmed.