BROCKHOLDST L. WAIT v. WORTH AXFORD, MORGAN AX-
FORD, ET AL.

*Sale by agent—Reformation of mortgage.*

On examination of the testimony,—
> *Held*, that complainant was entitled to the relief prayed for,
> and the decree below was affirmed.

Appeal from Oakland. (Stickney, J.) Argued July 17
and 18, 1886. Decided October 21, 1886.

Bill filed to reform mortgage taken in agent's name on
sale of property of principal, and declare his ownership of
security. Defendants appeal. Decree affirmed. The facts
are stated in the opinion.

*Aaron Perry*, for complainant.

*Taft & Smith*, for defendants.

CHAMPLIN, J. The bill of complaint states that com-
plainant became the owner on the twelfth day of October,
1878, of a Globe printing-press, and a large quantity of
printing materials and other personal property, and in Sep-
tember of the same year he sold the same to the defendant
Silas T. Fenn, mostly upon credit, for $1,600, $400 of which
was paid down, and the balance secured by notes and a
chattel mortgage upon the property sold.

That the sale was made during the absence of complainant,
through his son William D. Wait, who was authorized by
complainant to make the sale. This son was a minor, and
would not reach his majority until January, 1880.

That in making such sale said William D. Wait, without

authority, took the notes and chattel mortgage executed by Fenn in his own name; that, as soon as he discovered such fact, he requested said William D. Wait to transfer the mortgage to him, which said William promised to do, but he neglected so to do.

That complainant was the owner of said property sold, and in fact the owner of said mortgage security, and said William D. Wait had no right or interest whatever therein.

That William D. Wait, although a minor, was at that time, and for some time previously thereto had been, engaged in the mercantile business, in partnership with one Charles A. Watson, under the firm name of Watson & Wait, and, while the chattel mortgage remained in his name upon the files in the clerk's office, the firm made an assignment for the benefit of their creditors to the defendant Morgan Axford.

That said William D. Wait, at and after the assignment, informed said Morgan Axford that the chattel mortgage, though standing in his name, was not his property, but was the property of complainant; that, nevertheless, said Axford proceeded and obtained a certified copy of the mortgage from the clerk's office, and foreclosed the same by advertisement. He seized the property, and sold it at public auction, and it was struck off to defendant Worth Axford as the highest bidder. The assignee never had possession or control of the notes which the mortgage was given to secure.

He charges that all parties at the sale were notified of his claim to the property, and especially Morgan Axford and Worth Axford; that the property was sold to Worth Axford for $275, when in fact it was worth $1,000; that the Axfords are insolvent, and are proceeding to use the property, and that it is likely to be greatly deteriorated in value and destroyed.

He prays that the mortgage may be held to belong to complainant, and that it may be reformed by inserting his name as mortgagee in the place of William D. Wait, and asks for an injunction and receiver.

The defendants answered, and denied complainant's own-ership of the property sold to Fenn, and denied his owner-ship in the mortgage; aver that the property belonged to William D. Wait, and that the sale was made by him, and the mortgage was properly made to him; that the title thereof passed to Morgan Axford for the benefit of the cred-itors of Watson & Wait by virtue of the assignment; and both defendants claim to be *bona fide* purchasers, without knowledge or notice of complainant's rights or claims, and aver that if he had any rights he has lost them by his laches.

The case was heard in the court below upon the pleadings and proofs, and a decree entered for complainant. We have examined the testimony returned in the record, and are clearly of the opinion that the complainant is entitled to the relief prayed for.

The decree of the circuit court will therefore be affirmed, with costs.

The other Justices concurred.