E. N. DILLARD *et al.*

*v.*

WILLIAM M. JONES *et al.*

*Opinion filed October 23, 1907.*

EQUITY—*equity may correct mistake of description of land partitioned.* When the proof is clear and the rights of innocent third parties have not intervened a court of equity has jurisdiction to correct a mistake in describing a certain tract of land included in a former partition proceeding, even though such mistake runs through all the papers, including the bill for partition, commissioner's report, decree of sale, advertisement, master's report and deed.

APPEAL from the Circuit Court of Franklin county; the Hon. E. E. NEWLIN, Judge, presiding.

This is a bill to quiet title and correct decree, filed in the circuit court of Franklin county to the November term, 1905. It alleges that Kinchen H. Jones died testate March 15, 1890, in that county, seized in fee simple of eighty-five acres of land, described as follows: The south-east quarter of the south-west quarter and the east half of the south-west quarter of the south-west quarter of section 33, township 7, south, range 2, east of the third principal meridian, in Franklin county, Illinois; also ten acres off the north side of the north-east quarter of the north-west quarter of section 4, township 8, south, range 2, east; and fifteen acres off of the north-west corner of the south-east quarter of the north-west quarter of said section 4, forty rods east and west and sixty rods north and south, the two last mentioned pieces being in Williamson county, Illinois. By his will Jones divided said land equally between his wife, Susan A., and three of his children, Sophia, LeRoy and Robert M. The widow intermarried with one Michael Lipsey, and there was born ·of this union one son, Michael S. Lipsey. Robert M., one of the legatees under the will, died in 1894, intestate, leaving his mother, a brother and a sister of the whole blood

and nine brothers and sisters of the half blood, his only heirs-at-law. Michael S. Lipsey died intestate the next day after his half brother, Robert M., and left him surviving as his only heirs-at-law, his mother and father, a brother and a sister of the whole blood and four half sisters. Susan A. Lipsey died intestate January 20, 1896, leaving surviving as her only heirs-at-law, her husband, Michael Lipsey, and Sophia and LeRoy Jones, her children.

At the April term, 1896, of the Franklin circuit court, Cave J. Jones and six of the other children of Kinchen H. Jones by his first wife filed their bill for partition of the lands willed by said Kinchen H. Jones to his second wife, Susan A. Jones, and his three children by her, claiming an interest therein and making all other persons interested parties. By mistake of description said lands in Williamson county were erroneously described as ten acres off of the north side of the *south-east* quarter of the north-west quarter of section 4 and the north-west part of the south-east quarter of the north-west quarter of section 4, containing fifteen acres, all in township 8, south, range 2, east, in Williamson county, Illinois. The land in Franklin county was correctly described. It will be noted that said erroneous description as to said ten acres made that tract overlap and take in a part of the fifteen acres; that the error consisted in describing the ten acres as part of the *south-east* quarter of the north-west quarter of said section 4 instead of as part of the *north-east* quarter of the north-west quarter.

The cause was referred to a master in chancery to take and report proofs. The court decreed partition, and commissioners were appointed and reported that the premises were not divisible without manifest prejudice. The report is, in part, as follows: "We further report the value of said premises as follows, to-wit: Ten acres off the north side of the S. E. N.W. of Sec. 4, T. 8, R. 2, E., in Williamson county, Illinois, we value at $150 (one hundred and fifty dollars.) The N.W. part of the S. E. ¼ N.W. of Sec. 4,

T. 8, R. 2, E., in Williamson county, Illinois, containing fifteen acres, we value at $225 (two hundred and twenty-five dollars.) Part of the S. ½ S.W. ¼ of Sec. 33, T. 7, R. 2, E., in Franklin county, Illinois, containing sixty acres, we value at $1000 (one thousand dollars)." The court approved the commissioners' report and ordered that the lands be sold by the master. The master advertised the property and sold it to appellant E. N. Dillard, as the highest and best bidder, on December 12, 1896. In his report he described the property sold, as follows: "Ten acres off of the north side of the south-east quarter of the north-west quarter, also the north-west part of the south-east quarter of the north-west quarter, all in section four (4), township eight (8), south, and range two (2), east of the third principal merdian, in Williamson county, Illinois, containing fifteen (15) acres; also part of the south half of the south-west quarter of section thirty-three (33), township seven (7), south, and range two (2), east of the third principal meridian, in Franklin county, Illinois, containing sixty (60) acres."

Said appellant Dillard paid for said land, and the money is shown by this report to have been distributed by the master to the heirs of Kinchen H. Jones. January 12, 1897, the master gave a deed to said E. N. Dillard of said property, reciting that it had been sold to him at public auction, and that he being the highest and best bidder and having fully complied with the terms of the sale, said master did grant, bargain, sell and convey to said Dillard, his heirs and assigns, real estate described substantially the same as in the report of sale. Appellant E. N. Dillard went into immediate possession of the entire eighty-five acres, including the ten acres in the *north-east* quarter of the north-west quarter of section 4, but which was improperly described in all the papers that are a part of the partition proceedings as being in the *south-east* quarter of the north-west quarter. E. N. Dillard had, prior to the filing of the bill herein, sold to two

other parties portions of the land bought by him at the master's sale, but had made no conveyance of the ten-acre tract in the north-east quarter of north-west quarter of section 4. Shortly before the filing of the bill in this case appellant E. N. Dillard sought to have an abstract prepared covering the lands, and then discovered the mistake in the description of the ten-acre tract.

The proof showed that in probating the estate of said Kinchen H. Jones, his wife, who was administratrix, in giving the description of the property, made the same error in describing the said ten acres, but she listed the land as three separate tracts and gave each a value, making it evident that this ten-acre tract was intended to be described as a separate piece, even though the description partially included it in the fifteen-acre piece.

The chancellor in this proceeding, after hearing evidence at the November term, 1906, entered a decree setting up substantially the facts as hereinbefore stated, finding that said Kinchen H. Jones died seized of said eighty-five acres of land, properly describing all the pieces, including said ten acres; that said partition proceedings had been instituted and that it was intended therein to properly describe said land, but that said error was made in describing the ten-acre tract; that all parties had properly been brought into said partition proceedings and were also made parties to this proceeding, and that said partition proceedings "were regular in all respects save in this: that the ten acres of land so owned by the said Kinchen H. Jones at the time of his death, hereinafter particularly described, was imperfectly and incorrectly described in all the proceedings had therein;" that the master in chancery, under the order of court, attempted to sell all the real estate of which the said Kinchen H. Jones died seized, and that the sale was made in accordance with proper notice; that E. N. Dillard became the purchaser of said lands; that the master executed and delivered to said Dillard a deed to the lands, and that said

Dillard immediately went into the actual, open and notorious possession and control of the lands of which the said Kinchen H. Jones died seized and which were so imperfectly described in said deed; that he and his grantees had been in actual, open and notorious possession and control of the premises since January 12, 1897, and had paid all the taxes and assessments and were then in the possession of the same. The court further found that E. N. Dillard and his grantees were the legal owners of all the other real estate hereinbefore described of which said Kinchen H. Jones died seized, except the ten acres improperly described in said partition proceedings, and as to that the decree found that appellants were "not entitled to the relief prayed for in their said bill as to ten acres off the north side of the north-east quarter of the north-west quarter of section 4, township 8, south, range 2, east of the third principal meridian, in Williamson county, Illinois, and that the complainant E. N. Dillard is not the owner of said ten acres last above described as he has in said bill of complaint alleged," and as to this ten acres the bill of said complainants was dismissed by the decree. From this decree appellants prayed an appeal to this court.

JAMES P. MOONEYHAM, and JOPLIN & SPILLER, for appellants.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellees filed no brief in this case. The work, therefore, of investigating and deciding the legal questions involved has been greater than if the customary aid in that regard had been received.

The doctrine is elementary that parol evidence is not, in general, admissible between the parties to vary a written instrument, whether the same has been voluntarily adopted or made in pursuance of legal necessity. It is equally well

settled that mistake, fraud, surprise and accident furnish exceptions to this otherwise universal doctrine. Parol evidence in support of these exceptions may, in proper modes and limits, be admitted to vary written instruments. These exceptions rest upon the highest motives of policy and expediency, for otherwise an injured party would generally be without remedy. (2 Pomeroy's Eq. Jur.—1st ed.—sec. 858; 1 Beach on Modern Eq. Jur. secs. 48-51; 1 Story's Eq. Jur.—12th ed.—sec. 138, and note on "Mistake of Fact.") This doctrine has been applied many times by this court in the correction of deeds and contracts made out of court where the mistake was one of fact, mutual and common to all the parties to the instrument, and the proof clear and convincing. (*Kelly* v. *Galbraith,* 186 Ill. 593; *Hunter* v. *Bilyeu,* 30 id. 228; *Lindsay* v. *Davenport,* 18 id. 375.) This court has also, upon bill in equity, corrected the description of the land in a master's deed in a foreclosure proceeding, where the property was properly described in the mortgage and in the advertisement of sale, (*Foster* v. *Clark,* 79 Ill. 225,) and in a sheriff's deed where the proceedings leading up to it were regular; (*Gilbreath* v. *Dilday,* 152 Ill. 207;) but so far as we are advised there has been no case in this court similar to the one here presented, where the misdescription occurs in all of the court papers, including the bill for partition, decree of sale, advertisement and master's deed.

This question, however, has been passed upon in other jurisdictions. In *Waldron* v. *Letson,* 15 N. J. Eq. 126, a parcel of land had been struck off under foreclosure decree and conveyed to the purchaser under a mistaken impression that the mortgage covered the entire tract, the price for the entire tract being bid and paid and the purchaser put in possession. It was afterwards discovered that from a mistake in the description in the mortgage a portion of the premises was not covered by it. The description in all of the foreclosure proceedings followed the mistake found in the origi-

nal mortgage. The court held that the mistake could be corrected in equity, stating that the fact that the mistake originated in the mortgage and was repeated throughout the entire proceedings, "while it increases the apparent difficulty in administering relief does not affect the substantial equity of the case; * * * that where a parcel of land is sold under decree of foreclosure and is struck off and conveyed to the purchaser under an erroneous impression that the mortgage covered the entire tract, the price as for the entire tract being bid and paid and the purchaser put in possession, and it is afterward discovered that from a mistake in the description the mortgage does not cover the entire premises intended to be mortgaged, by reason whereof the legal title fails, the purchaser is entitled to be protected in the peaceable possession of the land purchased." To the same effect are *Loss* v. *Obry,* 22 N. J. Eq. 52, and *Zingsen* v. *Kidd,* 29 id. 516. In *Fore* v. *Foster,* 86 Va. 104, it was held that chancery had jurisdiction to correct mistakes, whether occurring in the course of legal proceedings or elsewhere, and in case there was no neglect or *laches* this could be done even though the Statute of Limitations had run. In *Pulliam* v. *Wilkerson,* 66 Tenn. 611, it was held that chancery had jurisdiction to correct errors of description of land sold under proceedings for partition instituted in the county court. In that case the land was described as being in district 2, when, in fact, it was in district 3. In *Gill* v. *Pelkey,* 54 Ohio St. 348, it was held that equity had jurisdiction to correct a mistake in a deed in proceedings by an administrator in the probate court to sell land of an intestate. The mistake in that case was not only in the deed, but in the report of the appraisers to the probate court before the land was ordered sold, and the purchaser, on account of the mistake, obtained more land than was intended to be sold and more than he paid for. In *Smith* v. *Butler,* 11 Ore. 46, a misdescription of the land originated in the report of the referees and was confirmed by

the court and incorporated in the decree. It was held that equity would grant relief and correct the mistake. In *Cosby's Heirs* v. *Wickliffe,* 51 Ky. 202, a commissioner appointed by decree of the chancellor sold two-thirds of the estate but reported that he had sold the entire estate and in obedience to the order of court conveyed the whole, but it clearly appearing that it was intended to sell only two-thirds, the court there held that equity could correct the error. The Supreme Court of Indiana has held that where the property was misdescribed in the mortgage and was sold under foreclosure by this wrong description, equity did not have jurisdiction to correct the mistake in the foreclosure proceedings. (*Miller* v. *Kolb,* 47 Ind. 220; *Lewis* v. *Owen,* 64 id. 446.) It has been held, however, by that court that equity had jurisdiction to correct the description in the original mortgage and that another sale by the proper description could be ordered. (*Armstrong* v. *Short,* 95 Ind. 326; *Conyers* v. *Mericles,* 75 id. 443.) The courts of New Jersey, California and Florida have held that equity had jurisdiction to correct the error in one proceeding without first reforming the mortgage and ordering another sale. *Waldron* v. *Letson, supra; Quivey* v. *Baker,* 37 Cal. 465; *Greely* v. *DeCottes,* 24 Fla. 475.

We think the great weight of authority is that equity has jurisdiction to correct such mistakes when the proof is clear and the rights of innocent third parties have not intervened, even thought the mistake runs through the entire judicial proceedings. In addition to the cases already referred to, the following authorities tend to support this conclusion: Jeremy's Eq. Jur. *492; 2 Pomeroy's Eq. Jur. (1st ed.) sec. 871; *Baxter* v. *Tanner,* 35 W. Va. 60; *Dodson* v. *Lomax,* 113 Mo. 555; *Howlett* v. *Central Carolina L. & I. Co.* (S. C.) 27 S. E. Rep. 333; *First Nat. Bank* v. *Brenneman's Exrs.* 114 Pa. St. 315; *Gillespie* v. *Moon,* 2 Johns. Ch. 585; *Snyder* v. *Ives,* 42 Iowa, 157; 12 Ency. of Pl. & Pr. p. 111, and cases there cited.

Appellant E. N. Dillard cannot be charged with negligence or *laches* in this matter. The record in this case discloses that the partition proceedings, the report of the commissioners, the master's report, the decree and the master's deed all described eighty-five acres of land, and that the ten and fifteen-acre tracts, which by this description overlapped, were clearly separate pieces, otherwise there would have been less than eighty-five acres; that all of the said eighty-five acres,—being all of the real estate left by said Kinchen H. Jones, deceased,—was intended to be sold to said E. N. Dillard in said partition proceedings; that he paid for all of it; that he has been in undisputed possession of all of it since that time; that the purchase money was distributed to the parties entitled by law to receive it; that no rights of innocent third parties have intervened as to the land in question; that there was a mistake of fact in the partition proceedings,—that is, that said ten acres were incorrectly described; that this mistake was common to all parties connected with the proceedings, and that all persons interested were made parties to said proceedings. Manifestly, on this showing, under the authorities cited, equity and justice require that the master's deed in the partition proceedings should be corrected as prayed, and that the decree should find that appellant E. N. Dillard was, at the time the bill herein was filed, the owner in fee simple of said "ten acres off of the north side of the north-east quarter of the north-west quarter" of section 4, in township 8, south, range 2, east of the third principal meridian, in Williamson county, Illinois, in accordance with the prayer of said bill.

The decree of the circuit court will accordingly be reversed and remanded to that court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded.*