This action or proceeding was brought by the plaintiffs to reform and recover upon a bond given by the defendants in an action brought by Robert N. Archer and others against George W. McClure. The original action of Archer and others against McClure was brought for the recovery of a certain tract of land described in the complaint, and a restraining order was issued therein against the said McClure, enjoining him from cutting timber from the lands in dispute, and from removing certain sawed lumber. Thereafter the lumber claimed by McClure was sold by him to the Albert Haas Lumber Company, and in order to remove the lumber the Albert Haas Lumber Company, through one of its members, went to M. E. Cozad, who had represented the plaintiffs, Archer and others, as agent, and told him that they were making arrangements to purchase the lumber from McClure and did not care to trespass on the land, and Cozad told Haas that if he would give a good bond of indemnity against all loss, that they could remove the lumber. The original suit of Archer and others against McClure, as shown by the record, was instituted in the name of Archer and others, as trustees, by M. E. Cozad, agent for the plaintiffs, and Mr. Cozad was the active agent in prosecuting the same, Archer and others, trustees, being nonresidents of the State.
After the purchase of the lumber by the Albert Haas Lumber Company and the conversation with Mr. Cozad, in which he agreed to allow them to give bond and remove it, the Albert Haas Lumber Company (142) undertook to give this bond, and applied to the defendant Fidelity and Deposit Company of Maryland to make it. A copy of the bond and of the power of attorney is set out in the record of the original case of Archer and others against McClure, as appears therefrom. The bond is signed by George W. McClure, the Albert Haas Lumber Company, and Fidelity and Deposit Company of Maryland, and its execution authorized by the latter, by the power of attorney attached, the only difference being that the name of M. E. Cozad, who was acting as agent, was inserted in the bond as obligee, without the names of his principals. It is this bond that gave rise to the controversy, the name of M. E. Cozad having, as the plaintiffs alleged, been written in the bond by mistake instead of Archer and others, trustees, the real plaintiffs in the action. This mistake was not discovered until some time after a judgment by default was taken against McClure, adjudging that the plaintiffs were the owners of the land in dispute, and ordering an inquiry as to the damages, and at the succeeding term of court an issue of damages was submitted, and were assessed by the jury at $805. Upon the *Page 141 
judgment by default and the verdict assessing damages, a judgment was asked by the plaintiffs (M. E. Cozad having come in and made himself a party plaintiff) against the defendants George W. McClure and the Albert Haas Lumber Company and Fidelity and Deposit Company of Maryland, which judgment was resisted by the latter company upon the ground that the bond given by it was to pay all such sums as might be recovered against the said McClure for the removal of the lumber described in the complaint on file in the suit of M. E. Cozad against George W. McClure.
This proceeding was then instituted to correct the bond so as to conform to the alleged original intention and agreement, which was to indemnify the plaintiffs Archer and others from loss on account of removing the lumber.
The power of attorney signed by the defendant which was filed in the original suit of Archer and others against McClure shows that Aaron Haas or Edwin R. Haas was authorized to execute a bond which the Albert Haas Lumber Company was required to file in the Superior Court of Cherokee County, North Carolina, in the case of (143) M. E. Cozad against G. W. McClure, and the bond was accordingly executed by Albert Haas as attorney in fact of the Fidelity and Deposit Company.
The following verdict was returned by the jury:
1. Did the defendants G. W. McClure, Albert Haas Lumber Company, and Fidelity and Deposit Company execute the bond dated 7 June, 1906? Answer: Yes.
2. Was said bond given for the purpose of allowing the removal of the lumber mentioned in the complaint in the case of R. N. Archer et al. v. G. W. McClure, and was said bond intended to have been given in that case, and by mutual mistake and the mistake of the draftsman the name of M. E. Cozad inserted instead of R. N. Archer and others? Answer: Yes.
3. Did the Fidelity and Deposit Company of Maryland know when the bond was executed that there was such a suit pending in favor of R. N. Archer, Louis Krohn, W. R. Hopkins, F. W. Bruch, E. I. Leighton, and George Reeves? Answer: Yes.
4. Did the Fidelity and Deposit Company of Maryland authorize any one to execute any bond for or on its behalf in any action in favor of R. N. Archer? Answer: Yes.
5. Have the defendants G. W. McClure and Albert Haas Lumber Company been discharged in bankruptcy? Answer: Yes.
after stating the case: The doctrine is elementary that parol evidence is not, in general, admissible between the parties to vary a written instrument, but it is equally well settled that mistake, fraud, surprise, and accident furnish exceptions to the universal principle, and parol evidence, in any case brought within one of the exceptions, is admitted to vary the writing so far as to make it accord with the true intention and agreement of the parties. These exceptions rest upon the highest motives of policy and expediency, or otherwise an injured party would generally be without (144) remedy. Equity follows the law, it is true, but sometimes it will intervene and afford relief where the remedy at law is inadequate for the purpose. The doctrine we have stated has often been applied by this and other courts in the correction of written contracts, bonds, deeds, and other instruments, where the mistake was one of fact, mutual and common to all the parties, and the proof clear, strong, and convincing. 2 Pomeroy's Eq. Jur. (1 Ed.), sec. 858; 1 Beach Mod. Eq. Jur., secs. 48 and 51; 1 Story's Eq. Jur. (12 Ed.), sec. 138 and note; Dillard v. Jones,229 Ill. 119. A mistake exists when a person, under some erroneous conviction of law or fact, does or omits to do some act which but for the erroneous conviction he would not have done or omitted. It may arise either from unconsciousness, ignorance, forgetfulness, imposition, or misplaced confidence. Where the mistake arises from imposition or misplaced confidence, relief may be had on the ground of fraud. Where it arises from unconsciousness, ignorance, or forgetfulness, no element of fraud exists, and redress must be obtained, if obtained at all, on the distinct equitable basis of mistake. Bispham on Equity (6 Ed.), sec. 185.
It is said in 34 Cyc., 908, to be settled by a host of authorities that where because of mistake an instrument does not express the real intention of the parties, equity will correct the mistake, unless the rights of third parties, having prior and better equities have intervened. This is done, not for the purpose of relieving against a hard or even oppressive bargain or to give either party a better one, but simply to enforce the agreement as it was made and to prevent the injustice which would ensue if this is not done. Nor will chancery make a new contract, under the pretext of correcting a mistake, for where there is no meeting of the minds, there is no case or ground for reformation. Wherever an instrument is drawn with the intention of carrying into execution an agreement previously made, and by mistake of the draftsman or scrivener it fails to do so, the mistake will be corrected, and the original contract enforced according to the real intention of the parties.
(145) We have said the mistake must be mutual, but by this is not meant that both parties must agree at the hearing that the *Page 143 
mistake was in fact made, but the evidence of the mutuality must relate to the time of the execution of the instrument and show that the parties then intended to say one thing and by mistake expressed another and different thing. 34 Cyc., 907 to 935.
A court of equity cannot add or substitute other parties for those appearing on the face of a contract, since the effect might be to make a new contract, but the mistaken use of names of parties appearing in the contract may be rectified in order to carry out the real agreement. 34 Cyc., 934, and cases cited; as, for instance, the insertion of a wrong name through a clerical error or a misnomer of the true obligee in a bond. 34 Cyc., 935, and cases in the notes.
Care must be taken to distinguish between the rule at law excluding parol evidence to vary or contradict a written instrument and that in equity, by which it is reformed so as to make it speak the truth. We considered these questions recently in Wilson v. Scarboro, 163 N.C. 380, and defined the jurisdiction of a court of equity in such matters. There are decided and well considered cases to the effect that a court of equity will thus correct a mistake in the name of a party to the contract where it was erroneously inserted for the name of another, which is our case precisely. In a case of this sort, Chief Justice Parker, inBrown v. Gilman, 13 Mass. 158, said: "Authorities have been read to show that where a contract in writing has been made and signed, but the name of the party contracted with omitted, it may be supplied by extrinsic proof. Of this we have no doubt, where the name was omitted by mistake or a wrong name inserted." (Italics ours.) And the same was held in Gayle v. Hudson, 10 Ala. 116, where the name of one person was inserted as obligee for that of another, who was the one intended, and it was further said that the equity of reformation could be enforced even against a surety to the bond. The Court concluded as follows: "It is abundantly shown by the citations to the point, and what we have said, that a court of equity is entirely competent to reform (146) the bond so as to make it speak the intention of the parties, upon satisfactory proof being adduced of the mistake."
Without commenting upon them separately, it will be found that the following authorities clearly sustain the right in equity to have this bond corrected so as to insert the name of the intended obligee, some of them being much like our case in their facts, and in them the correction was decreed where the name of the agent had been inadvertently or by mistake inserted for that of his principal: Wait v. Axford, 63 Mich. 227; Bell v.Tanguay, 46 Ind. 49; Rankin v. Miller, 43 Iowa 11; Lee v. Percival, 85 Iowa 639; Eustis Mfg. Co. v. Saco Brick Co., 198 Mass. 212; Denver B. andM. Co. v. McAlister, 6 Col., 261; Scales v. Ashbrook, *Page 144 
58 Ky. (1 Metcalf), 358; Smith v. Watson, 88 Iowa 73; Smith v. Wainwright,24 Vt. 97.
The courts are more inclined to exercise this jurisdiction where it will not prejudice the obligor in the bond or the party against whom correction of the instrument is asked. Gayle v. Hudson, supra.
Applying these principles to the facts of this case, we find that there is ample evidence of a mutual mistake. M. E. Cozad was the agent of the plaintiffs, and also had charge of the prosecution of the other action for them. There was but one suit pending in the county relating to the timber, and that was the one in which the bond was given. There was no reason for indemnifying Cozad, as the contract was not with him, but with the plaintiffs, whose timber was about to be removed. According to Mr. Dillard's testimony (and he drew the bond), it was intended to indemnify the plaintiffs in the suit in which G. W. McClure was defendant, and from whom the Albert Haas Lumber Company had bought the lumber, and the plaintiffs in that suit were Robert N. Archer and others. There cannot be the least doubt, upon the evidence, as to the suit referred to in the bond, though the name of the plaintiff therein was mistakenly supposed to be M. E. Cozad. It would not be creditable to the indemnity company should we assume that it was engaging (147) in so important a business transaction as the giving of a bond of indemnity in a suit without knowing what suit it was and where it was pending. And again, it may be said that it is immaterial to defendant who was named as obligee by mistake, as its main and only reliance for reimbursement was upon its coobligors or the principals in the bond, and in that respect the bond is not changed. The defendant owes the money, and it would not be right if we should permit it to escape upon a mere technicality, or an inadvertence of the draftsman, or mistake of the parties as to the real name of the plaintiff. The law is strongly against any such view. It does not regard the name of persons so much as it does the substance and actual identity of the agreement.
The Court, in Smith v. Wainwright, supra, upon a state of facts not substantially unlike ours, said: "Under these circumstances it seems to us that it would be a virtual fraud upon the obligees to allow Wainwright to escape from the obligation of the bond. Upon this ground alone, if they made proper application to the court of chancery to have the bond reformed in this particular, we entertain no doubt it would be the duty of that court to make such a decree upon the present state of the evidence."
If we could see, as contended by the defendant, that it had made one contract and plaintiffs were attempting to substitute another, we would not hesitate to deny the latter any relief; but in this case, while the *Page 145 
contract was nominally with M. E. Cozad, it was really with his principals, the plaintiffs.
There is one case decided by this Court which seems to be directly in point, McIntosh v. Insurance Co., 152 N.C. 50, and it was an action upon an insurance policy. The Court there said, by Justice Brown:
"In Henkle v. Insurance Co., 1 Ves., case 156, p. 318, the bill sought to reform a written policy after loss had actually happened, upon the ground that it did not express the intent of the contracting parties. LordHardwicke said: `No doubt but this Court had jurisdiction to relieve in respect of a plain mistake in contracts in writing as well as against frauds in contracts, so that if reduced to writing contrary to the intent of the parties, on proper proof, it would be rectified.' If the plaintiffs can establish by the proper degree of proof that this (148) contract of insurance was made for the benefit of the wife and the two infants, who are the owners of the property, and that by mutual mistake, or the error of the draftsman, A. H. McIntosh was erroneously made the beneficiary therein, instead of the other plaintiffs, they will have made out a cause of action which will enable them to have a reformation of the written policy."
In Nicholson v. Dover, 145 N.C. 18, 21, the Court said, citing and quoting from Woodruff v. McGehee, 30 Ga. 158: "Where an agent makes a contract without disclosing the name of his principal, the latter may claim all his rights, with the single limitation that the other party shall not be injured thereby." And the law is the same, as we have seen, where the contract runs in the name of the agent, without his being designated as such, when it was intended to be for the benefit of the principal.
The jury have found, upon sufficient evidence, that the bond was intended by the parties to be given in the Archer suit, and that the authority of Albert Haas, as attorney in fact for the indemnity company, related to that suit and extended to the giving of the particular bond now in question.
There are no grounds, for the reasons stated, for disturbing the verdict. The bankruptcy of McClure and the Haas Lumber Company does not affect plaintiff's right to recover. It was the misfortune of the indemnity company that it occurred, and it is in no way attributable to any fault of the plaintiffs. There was no exception, though, on this ground.
The evidence of the mistake must, of course, be clear, strong, and convincing, because of the force of the presumption in favor of the correctness of the instrument as written; but whether it is of that character is for the jury, and not for the court, to decide. Lehew v.Hewett, *Page 146 138 N.C. 6 (s. c., 130 N.C. 22); Cuthbertson v. Morgan, 149 N.C. 72;Avery v. Stewart, 136 N.C. 426; but if we were at liberty to decide upon it in this case, we would unhesitatingly hold it to be clear and satisfactory that a mutual mistake had been made, and that the name of (149) M. E. Cozad had been erroneously inserted for the names of the plaintiffs.
There was no error in the proceedings below.
No error.
Cited: Tire Co. v. Lester, 190 N.C. 417; Alexander v. Bank,201 N.C. 451; Hubbard Co. v. Horne, 203 N.C. 209; Crews v. Crews,210 N.C. 221.