AIRPORT KNITTING, INC. v. KING KOTTON YARN CO., INC.

No. 7125SC190

(Filed 28 April 1971)

1. **Rules of Civil Procedure § 41— trial without a jury—dismissal of action**
   In ruling on a motion to dismiss in a trial without a jury, the court must pass upon whether the evidence is sufficient as a matter of law to permit a recovery; and if so, the court must pass upon the weight and credibility of the evidence upon which the plaintiff must rely in order to recover. G.S. 1A-1, Rule 41(b).

2. **Sales § 10— seller's action for purchase price — sufficiency of evidence**
   In plaintiff's action to recover the alleged contract price for certain items—including office equipment, a 1964 Chevrolet truck, and a quantity of yarn—that it had sold to defendant, plaintiff's evidence was sufficient to withstand defendant's motion for dismissal under G.S. 1A-1, Rule 41(b).

3. **Limitation of Actions § 17— plea of the statute — burden of proof**
   Defendant has the burden of convincing the court by the greater weight of the evidence that plaintiff's claim was barred by the statute of limitations.

APPEAL by defendant from *Collier, Judge,* September 1970 Session, CATAWBA Superior Court.

Plaintiff instituted this action on 12 December 1969 seeking to recover of defendant the alleged contract price of $9279.35 for certain items of equipment, including office equipment, a 1964 Chevrolet truck, and a quantity of yarn. Defendant denied the existence of a contract, but admitted that plaintiff purported to convey certain items of yarn, equipment, and a 1964 truck to defendant in the summer of 1964 but did not have title to the equipment and the yarn had no value. Defendant also pleaded the bar of the three-year statute of limitations.

The matter was heard by the court without a jury. At the end of plaintiff's evidence and again at the close of all the evidence, defendant moved for dismissal of plaintiff's claim under Rule 41(b) on the ground that upon the facts and law in the case, plaintiff had shown no right to relief. The court denied the motions and defendant excepted to the rulings. The court entered judgment for plaintiff in the amount of $4720.98, based on its findings of fact. Defendant excepted to all of the findings of fact, to the failure of the court to find and conclude that plaintiff's claim was barred by the statute of limitations, and to the entry of the judgment.

*Kenneth D. Thomas for plaintiff appellee.*

*Keener and Cagle, by Joe N. Cagle, for defendant appellant.*

MORRIS, Judge.

[1]  In ruling on a motion to dismiss under Rule 41(b), applicable only "in an action tried by the court without a jury," the court must pass upon whether the evidence is sufficient as a matter of law to permit a recovery; and, if so, must pass upon the weight and credibility of the evidence upon which the plaintiff must rely in order to recover. *Bryant v. Kelly*, 10 N.C. App. 208, 178 S.E. 2d 113 (1970).

[2]  The evidence in this case tended to show: One Cecil Owenby (Owenby) was president and principal stockholder of Airport Knitting Company and terminated his employment with that company in 1966. During 1966 he and Mr. Ralph Johnson organized the King Kotton Yarn Company. Ralph Johnson (Johnson) became president of defendant and Owenby became secretary thereof. During that year the two discussed the sale by plaintiff to defendant of certain items of inventory and property owned by plaintiff. Owenby went with defendant in July or

August of 1966. About that time and later quite a few discussions were had on the price of the items. Johnson asked Owenby to discuss the matter with Mr. Capps, a C.P.A. employed by defendant in 1967 to audit its books for the fiscal year ended 31 July 1967. Owenby did so, and as a result of that conference, the items were shown on the books of defendant as an account payable to plaintiff. Owenby identified plaintiff's Exhibit No. 1 as a ledger sheet of defendant showing a total of $9279.35 for the items transferred. Mr. Capps testified that plaintiff's Exhibit No. 1 was not a ledger sheet but his worksheet and that the assets transferred included the truck and the yarn inventory at $3300. He was of the opinion the assets were transferred at 30 September 1966. He testified that defendant's fiscal year ended 31 July 1967 and "that was when the engagement was made for us to perform the audit at that time." He was instructed to get with Owenby and make a list of the assets transferred. After he sat down with Owenby and came up with those figures, Johnson approved the figures. They were carried in the book as an account payable and reflected in the balance sheet for 1967 prepared by Mr. Capps' firm. Johnson testified that he and Owenby did agree as to the value of the truck. "The company got the truck at a good buy for $685.02" and "I believe that Mr. Owenby and I reached an agreement about the value of the office equipment—$735.00." As the result of a fire in some machinery, some yarn was damaged, and defendant was paid by the insurance carrier in May of 1967 approximately $1800 for the damage as a result of the fire. Owenby testified that part of the yarn in question was damaged. Johnson testified that none of the yarn in question was damaged by the fire. Some of the yarn in question was sold, defendant getting the proceeds of sale. Neither Owenby nor Johnson was able to testify as to the amount sold. The transfer of the assets of plaintiff to defendant was a separate transaction from the acquisition by Owenby of his stock in defendant and the assets were not transferred for stock.

The court found facts as follows:

"1. That prior to and subsequent to December 1966, Plaintiff, Airport Knitting, Inc., a North Carolina corporation, and Defendant, King Kotton Yarn Company, Inc., a North Carolina corporation, entered into agreements for Plaintiff to transfer to Defendant certain assets and that pur-

Knitting, Inc. v. Yarn Co.

suant to said agreements, Plaintiff transferred to defendant a truck, office equipment, and certain yarn inventory.

2. That Plaintiff transferred said truck, office equipment, and certain yarn inventory to Defendant in reliance upon Defendant's promise to pay Plaintiff for same and that Defendant has not paid Plaintiff for the purchase price of said items.

3. That Defendant is indebted to Plaintiff for the truck in the sum of Six Hundred Eighty-five and 02/100 ($685.02); for the office equipment in the sum of Seven Hundred Thirty-five and 96/100 ($735.96); and for certain yarn inventory in the amount of Three Thousand Three Hundred ($3,300.00) and that Defendant has not paid any of said amounts to Plaintiff.

4. That Defendant is therefore indebted to Plaintiff in the sum of Four Thousand Seven Hundred Twenty and 98/100 ($4,720.98), and that Plaintiff is entitled to recover judgment against the Defendant in said sum of Four Thousand Seven Hundred Twenty and 98/100 ($4,720.98) with interest from the 14 day of Oct. 1970."

We are of the opinion, and so hold, that the court correctly overruled defendant's motion for dismissal and further that the facts found are supported by competent evidence and are sufficient to support the judgment.

[3] In passing upon the weight and credibility of the evidence, the court must resolve all inconsistencies and conflicts in the evidence. As to its affirmative defense, defendant had the burden of convincing the court by the greater weight of the evidence that plaintiff's claim was barred by the statute of limitations. The entry of the judgment in favor of plaintiff, of course, evidences the fact that the court was not so convinced. Our study of the evidence discloses nothing requiring that result to be disturbed.

Affirmed.

Judges BROCK and HEDRICK concur.