HARRY SCHAFRAN v. A & H CLEANERS, INC.

No. 7311SC481

(Filed 12 September 1973)

1. Bills and Notes § 20— action to recover loans — sufficiency of evidence and findings

In an action to recover for loans allegedly made by plaintiff to defendant, the trial court's findings were supported by competent evidence and were sufficient to support the court's judgment granting plaintiff recovery upon two of the loans for which he sued.

2. Evidence § 57— accountant's summary of findings — admission for illustration — harmless error

In an action to recover for loans allegedly made by plaintiff to defendant, the admission for illustrative purposes of a CPA's memorandum summarizing his findings in a study of the financial records of plaintiff and defendant, if erroneous, was not prejudicial to defendant in this trial before a judge without a jury, since it is presumed that the judge disregarded any incompetent evidence that may have been admitted.

APPEAL by defendant from *Braswell, Judge,* 11 December 1972 Civil Session of HARNETT Superior Court.

Plaintiff instituted this action to recover certain sums of money allegedly owing him by defendant. In his complaint, plaintiff set forth two causes of action, alleging that defendant owed him (1) $24,000, representing 24 months salary at $1,000 per month for serving as an officer of defendant, and (2) $19,046.52 for loans made by plaintiff to defendant. In its answer defendant denied owing plaintiff anything.

Jury trial was waived. Following a trial at which both parties introduced evidence, the court entered judgment setting forth findings of fact and conclusions of law determining that plaintiff's first cause of action should be dismissed with preju-

dice but that plaintiff is entitled to recover $9,000 plus interest and costs on his second cause of action. Defendant appealed.

*Bryan, Jones, Johnson, Hunter & Greene by James M. Johnson and Woodall & McCormick by Edward H. McCormick for plaintiff appellee.*

*Pearson, Malone, Johnson & DeJarmon by W. G. Pearson II and C. C. Malone, Jr., for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the court to allow his motions for nonsuit interposed at the conclusion of plaintiff's evidence and renewed at the close of all the evidence. This assignment has no merit.

Under the new Rules of Civil Procedure, the term "nonsuit" has been eliminated in civil actions. In nonjury trials, the former motion for nonsuit has been replaced by the motion for a dismissal. G.S. 1A-1, Rule 41(b). Substantially the same question is presented by the present motion as was by the former and in order to consider this appeal on its merits, we will treat the motion for nonsuit as a motion for dismissal.

In *Knitting, Inc. v. Yarn Co.*, 11 N.C. App. 162, 163, 180 S.E. 2d 611, 612 (1971), this court said: "In ruling on a motion to dismiss under Rule 41(b), applicable only 'in an action tried by the court without a jury,' the court must pass upon whether the evidence is sufficient as a matter of law to permit a recovery; and, if so, must pass upon the weight and credibility of the evidence upon which the plaintiff must rely in order to recover. *Bryant v. Kelly*, 10 N.C. App. 208, 178 S.E. 2d 113 (1970)."

At the trial of the instant case, the alleged loans made by plaintiff to defendant were represented by four exhibits introduced by plaintiff. Exhibit 1 was a check for $5,000, drawn by plaintiff on Southern National Bank, Lillington, N. C., dated 26 March 1968, payable to defendant. Exhibit 2 was a check for $5,342.50, drawn by plaintiff on said bank, dated 7 May 1970, payable to the bank "For A & H Cleaners Note #10896, Prin. 5,300, Int. 42.50." Exhibit 3 was a check for $4,746.52, drawn by plaintiff on said bank, dated 11 November 1967, payable to Albert Coates, Inc.; plaintiff testified this check was for the purchase price of a station wagon which plaintiff bought

Schafran v. Cleaners, Inc.

for defendant. Exhibit 4 was a check for $4,000, drawn by plaintiff on the National Bank of Sanford, dated 30 March 1967, payable to defendant. Plaintiff's Exhibit 5 was Southern National Bank of North Carolina note #10896, referred to in Exhibit 2, said note bearing date of 3 January 1970, in amount of $25,562.50, with defendant as maker, showing a balance of $5,300 and assignment to plaintiff dated 7 May 1970.

In its judgment, the trial court found as a fact that plaintiff made to or for the benefit of defendant loans or advancements in the amounts set forth in plaintiff's Exhibits 1, 2, 3 and 4, and on or about the dates specified therein. The court further found that plaintiff failed to show that the loans or advancements represented by Exhibits 2 and 3 are due plaintiff. The court found that plaintiff had carried the burden of proving the indebtedness totaling $9,000 represented by Exhibits 1 and 4 and rendered judgment for that amount.

[1]   We hold that the court correctly overruled defendant's motion for dismissal and that the facts found are supported by competent evidence and are sufficient to support the judgment.

Defendant assigns as error the admission into evidence of plaintiff's Exhibit 6 for illustrative purposes. This assignment has no merit.

[2]   Plaintiff called as a witness David Matthews, a certified public accountant, who gave testimony regarding information obtained by him pursuant to a study of financial records of plaintiff and defendant. Plaintiff's Exhibit 6 was a two-page, eight-column memorandum prepared by the witness setting forth information which the witness considered a significant summary of his findings. The witness gave oral testimony with respect to the information set forth in the exhibit. On objection by defendant, the court refused to admit the exhibit as substantive evidence but admitted it to illustrate the testimony of the witness.

Assuming, *arguendo*, that the exhibit was not competent for any purpose, we do not think its admission into evidence would entitle defendant to a new trial. In a trial before the judge without a jury, the ordinary rules as to the competency of evidence which are applicable in a jury trial are to some extent relaxed, since the judge with knowledge of the law is able to eliminate incompetent testimony; if incompetent evidence is admitted, the presumption arises that it was disregarded and

did not influence the judge's findings. *Construction Co. v. Crain and Denbo, Inc.,* 256 N.C. 110, 123 S.E. 2d 590 (1962) ; *Trust Co. v. Wilder,* 255 N.C. 114, 120 S.E. 2d 404 (1961) ; *Construction Company v. Housing Authority,* 1 N.C. App. 181, 160 S.E. 2d 542 (1968). There was ample competent evidence to support the court's findings and conclusions and there is no indication that the court was influenced by Exhibit 6. The assignment of error is overruled.

We have considered the other assignments of error brought forward and argued in defendant's brief but find them to be without merit and they too are overruled.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge BALEY concur.