ANNE G. PHILLIPS v. CARL R. WOXMAN, JR. AND WIFE, SUSANNE K. WOXMAN, J. D. DIXON, AND JOHN HENRY BANKS AND WIFE, CHRISTINE M. BANKS

No. 783SC1122

(Filed 20 November 1979)

1. **Reformation of Instruments § 1; Agriculture § 12— reformation of deed—federal tobacco allotment—jurisdiction of superior court**

   The superior court had jurisdiction to decide whether deeds describing North Carolina land executed by North Carolina residents could be reformed although such reformation related to a federal tobacco allotment.

2. **Reformation of Instruments § 1.1— reformation of deed—reservation of tobacco allotment—mutual mistake**

   The trial court properly permitted reformation of a deed for mutual mistake in failing to include in the deed a reservation to the grantor of a tobacco allotment assigned to the land where the court found upon supporting evidence that plaintiff grantor and the original purchaser had agreed that the land would be sold without the agricultural allotments; through the inadvertence and mistake of the deed's draftsman, the deed as executed and recorded failed to express this intent of the parties; and subsequent grantees of the land purchased the land with actual knowledge that the land had been sold without the agricultural allotments.

APPEAL by defendants John Henry Banks and wife, Christine M. Banks, from *Bruce, Judge.* Judgment entered 30 May 1978 in Superior Court, PITT County. Heard in the Court of Appeals 30 August 1979.

Plaintiff filed this civil action in September 1976 for reformation of a 1973 deed from herself to defendants Carl R. Woxman, Jr. and wife on the grounds of inadvertence and mistake by the draftsman in failing to include in the deed a reservation to the

grantor of the agricultural allotment assigned to the land and mutual mistake by plaintiff and the Woxmans in accepting a deed which did not express their mutual intent to exclude the agricultural allotment from the conveyance.

By warranty deed dated 13 December 1974, the Woxmans conveyed the property in question to J. D. Dixon. Thereafter, the Dixons conveyed the property in question to appellants by warranty deed. Defendants Woxman and Dixon did not file an answer, and default judgments were entered against them.

Plaintiff's evidence tended to show: that she bought the 70-acre farm in 1967; that the farm was not suitable for tobacco but was used for pasture land; that plaintiff used the farm's tobacco allotment on her other two farms after going to the Agricultural Stabilization and Conservation Service (ASCS) office and taking steps to have the allotment transferred to those other farms; that in 1973, plaintiff sold the farm to Woxman for approximately $18,000; that plaintiff's agent (her son and attorney) negotiated the sale and drew the deed; that plaintiff informed her son that the tobacco allotment had been transferred to her other farms and inquired as to whether the deed to Woxman should contain a reservation to plaintiff of the allotment; that plaintiff's son, assuming the transfer of the allotment to be a legal, complete one, replied that no reservation would be required in the deed, as the allotment had been transferred; that Woxman understood that there was no allotment on the farm and did not pay for such allotment; that the Woxmans sold the farm to Dixon; that Dixon understood when he bought the farm that there was no allotment on it; that in 1975, Dixon placed the farm with a realty firm for sale; and that the firm advertised the farm in a local newspaper, stating that it included no allotment. Dixon testified:

"I recognize Plaintiff's Exhibit E by my signature on it. I must have signed it. I told Mr. McPherson on April 15, 1976, 'It was no allotment.' Plaintiff's Exhibit E states 'I, J. D. Dixon, being first duly sworn, state that there was no crop allotment transferred to John Henry Banks in the sale of the farm described in Deed Book 143, Page 610, and furthermore state that John Henry Banks was aware of this fact at the time of the purchase.' At the time I signed the document, I knew the facts that I put in the piece of paper."

Defendant John Henry Banks testified: that prior to purchasing the farm, he did not see the newspaper and was never told that there was no tobacco allotment on the farm; that he went to register the farm with the ASCS office; he was informed that an allotment did exist on the property; and that he is presently using the farm for crop farming and living on it.

The trial court, sitting without a jury, made findings of fact and conclusions of law in favor of plaintiff and reformed the deeds in question. Defendants appealed.

*Lanier, McPherson & Miller, by Jeffrey L. Miller, and Ward & Smith, by John A. J. Ward, for plaintiff appellee.*

*Howard, Vincent & Duffus, by J. David Duffus, Jr., for defendant appellants, Banks.*

ERWIN, Judge.

[1] Defendants contend that the federal marketing quotas for tobacco are controlled by Part I of Section B, Subchapter II of the Agricultural Adjustment Act of 1938, as amended, 7 U.S.C. § 1311, *et seq.*, and thus, the Superior Court of Pitt County did not have jurisdiction over the subject matter of this action. We disagree and hold that the Superior Court had jurisdiction to hear and to decide whether deeds describing North Carolina land executed by North Carolina residents may be reformed although such reformation relates to a tobacco allotment.

Defendants contend the failure of the trial court to grant defendants' motions for directed verdicts was improper and constituted reversible error. We do not agree.

This case was tried by the court without a jury. In trials by the court, the former motion for nonsuit has been replaced by the motion for a dismissal. G.S. 1A-1, Rule 41(b), of the Rules of Civil Procedure. We will treat the motion for nonsuit at the close of all the evidence as a motion for dismissal. *Schafran v. Cleaners, Inc.,* 19 N.C. App. 365, 198 S.E. 2d 734, *cert. denied,* 284 N.C. 255, 200 S.E. 2d 655 (1973).

This Court stated in *Town of Rolesville v. Perry,* 21 N.C. App. 354, 357, 204 S.E. 2d 719, 721 (1974):

" 'In ruling on a motion to dismiss under Rule 41(b), applicable only "in an action tried by the court without a jury," the court must pass upon whether the evidence is sufficient as a matter of law to permit a recovery; and, if so, must pass upon the weight and credibility of the evidence upon which the plaintiff must rely in order to recover.' *Knitting, Inc. v. Yarn Co.,* 11 N.C. App. 162, 180 S.E. 2d 611."

[2] The court made the following findings of fact: Plaintiff and the original purchaser, Woxman, had agreed that the farm land would be sold without the agricultural allotments. Through the inadvertence of and mistake of the deed's draftsman, the deed as executed and recorded failed to express this intent of the parties, and defendants Banks, subsequent purchasers of the property, had purchased the land with actual knowledge that the land had been sold without the agricultural allotments.

The court's findings of fact are supported by the evidence in the record, and the evidence in the record before the trial court was sufficient to deny defendants' motion for a dismissal under G.S. 1A-1, Rule 41(b), of the Rules of Civil Procedure. We do not find error.

The Court stated in *Durham v. Creech,* 32 N.C. App. 55, 58-60, 231 S.E. 2d 163, 166-67 (1977):

"Where a deed fails to express the true intention of the parties, and that failure is due to the mutual mistake of the parties, or to the mistake of one party induced by fraud of the other, or to the mistake of the draftsman, the deed may be reformed to express the parties' true intent. *Parker v. Pittman,* 18 N.C. App. 500, 197 S.E. 2d 570 (1973). . . .

\*    \*    \*

When, due to the mutual mistake of the parties, or perhaps a mistake by their draftsman, the agreement expressed in a written instrument differs from the agreement actually made by the parties, the equitable remedy of reformation is available. However, reformation on grounds of mutual mistake is available only where the evidence is clear, cogent and convincing. *Parker v. Pittman, supra.* . . .

\*    \*    \*

Reformation is not barred because Margie Creech conveyed the land to third parties, the Smiths. In *Archer v. Mc-Clure*, 166 N.C. 140, 144, 81 S.E. 1081 (1914), our Supreme Court said:

> '. . . where because of mistake an instrument does not express the real intention of the parties, equity will correct the mistake unless the rights of third parties, having prior and better equities, have intervened.'

A third party's equities are not great enough unless he is a bona fide purchaser, i.e., one who purchases without notice, actual or constructive, and who pays valuable consideration. *Morehead v. Harris*, 262 N.C. 330, 137 S.E. 2d 174 (1964); *Crews v. Crews*, 210 N.C. 217, 186 S.E. 156 (1936); Dobbs, Remedies, § 11.6 (1973)."

The equitable remedy of reformation of a deed will be granted when it is shown by clear, cogent, and convincing evidence that due to the mutual mistake of the parties, the deed does not express the actual agreement made between the parties. *Yopp v. Aman*, 212 N.C. 479, 193 S.E. 822 (1937); *Durham v. Creech, supra.* The record is replete with competent evidence supporting all the material facts found by the trial court. The conclusions of law as entered by the trial court are proper. In holding that there was clear, cogent, and convincing evidence entitling plaintiff to reformation of her deed, we do not intimate what effect this reformation will have with any governmental agency's actions relating to the allotments.

The judgment entered below is

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.