AMERICAN PERSONNEL, INC. v. PAUL M. HARBOLICK AND
J. C. WHEAT AND CO., INC.

No. 7210DC44

(Filed 20 September 1972)

1. Contracts § 27— employment agency fee — liability of employer —
insufficiency of evidence

In an action in which it was stipulated that the third party
defendant is liable for plaintiff employment agency's fee if defendant
was employed by the third party defendant for 90 days, defendant's
evidence was insufficient to permit a finding that he was employed
by the third party defendant in excess of 73 days, and a directed
verdict was properly entered in favor of the third party defendant.

2. Contracts § 12— employment agency fee — fee paid position — leaving
of employment — liability for fee

The phrase "I will accept a fee paid position only" added by
defendant to the printed form in a contract with an employment
agency did not relieve defendant of an obligation to pay the employ-
ment agency the stipulated fee in the event defendant left the em-
ployment secured for him by the agency.

APPEAL by defendant Paul M. Harbolick from *Preston,
District Judge*, 23 July 1971 Session of WAKE District Court.

Action to recover a fee under the terms of a contract call-
ing for the plaintiff American Personnel, Inc. (American) to
act as agent for defendant Paul M. Harbolick (Harbolick) in
securing employment for Harbolick. American alleged that, in
compliance with the terms of that contract, it secured a "fee
paid" position for Harbolick with J. C. Wheat and Co., Inc.,
Richmond, Virginia (Wheat), but by reason of Harbolick either
failing to report for work or by reason of Harbolick leaving
said employment, American had to refund the fee paid by Wheat
and, by the terms of the contract, Harbolick is indebted to
American for the full fee of $2,880.00. In an Answer and Third
Party Complaint naming Wheat as third party defendant, Harbo-
lick alleged, in pertinent part:

"6. That defendant accepted a position with J. C. Wheat
and Co., Inc., on or about July 14, 1969, in good faith
and remained in their employment until October 19, 1969,
so that he was permanently employed and was not a tempo-
rary employee as defined by said contract.

*       *       *

8. That any fee earned by the plaintiff was only earned at the time of J. C. Wheat and Co., Inc., expressing complete satisfaction with plaintiff's services and paying them; that said J. C. Wheat and Co., Inc., did make such payment, and therefore, if defendant is liable to defendant (sic) in any amount, which defendant expressly denies, then and in that event, J. C. Wheat and Co., Inc., is liable over to defendant in the same amount."

Prior to trial the parties stipulated to the following facts, among others:

"a. The defendant Harbolick executed a written contract dated June 6, 1969, which was annexed as Exhibit 'A' to plaintiff's complaint and as Exhibit 'A' to defendant Harbolick's answer.

b. The plaintiff secured employment for the defendant with third party defendant on July 14, 1969.

c. If it is determined that a fee is due plaintiff by defendant or third party defendant such fee is $2,880.00.

d. The amount of $2,880.00 was paid to plaintiff by the third party defendant and such amount has been refunded by plaintiff to the third party defendant.

e. If defendant was employed by third party defendant for 90 days, third party defendant owes plaintiff the fee of $2,880.00."

Exhibit "A" annexed to plaintiff's complaint and Exhibit "A" annexed to defendant Harbolick's answer are identical copies of the contract. The contract consisted of a printed form to which penciled notations were added. In pertinent part, that contract provides:

". . . You are not obligated to accept any position to which you are referred by American Personnel, Inc.; however, if you do accept any position to which you are referred by American Personnel, Inc., either verbally or in writing, you are legally obligated for payment of service charges listed below, as stipulated in this contract.

A. I hereby engage American Personnel, Inc. as my agent to assist me in securing employment. * * * (2) If any referral is accepted by me to any firm whatsoever (re-

gardless of previous negotiations) (PENCILED NOTE—except companies noted on reverse side) and I accept employment with said firm, whether or not it is the same job to which I was referred, I am obligated for my fee in the event of employment within one year of said referral. * * * (4) In the event I accept employment and fail to report to work, or in the event I leave said employment, or my employment is terminated, your fee shall be the full amount under the schedule below, even though the employer has paid all or part of my fee. For services rendered in obtaining employment, I agree to pay your fee as below: (SCHEDULE OMITTED HERE).

\* \* \*

D. I HAVE READ THIS CONTRACT CAREFULLY AND I AGREE TO ALL THE TERMS THEREIN. I WILL ACCEPT FEE PAID POSITION ONLY.

DATE 6/6/69      SIGNED *Paul M. Harbolick* (SEAL)
                126 Beechwood Drive
                Jamestown, N. C.     (ADDRESS)"

Defendant Harbolick testified in pertinent part as follows:

"I went over the contract. That is my writing on the contract that says, 'I will accept fee paid position only.' That is my writing on the contract that says, 'Except companies noted on the reverse side.' This refers to paragraph A-2 of the contract. I did not make any notation beside paragraph A-4 . . . .

\* \* \*

I went to Richmond . . . and discussed the possibility of working for J. C. Wheat and Company. . . . With respect to my location if employed. . . we discussed the possibility of moving to Richmond, Virginia to work there. . . . I felt that it was best for my long-range goals to be in the main office rather than a regional office. I accepted the job and went to work on July 14.

\* \* \*

(I was told) from the very start of the job that the job was to be in Richmond. I knew that one of the conditions of the job was that I would have to go to Richmond. I

accepted the job knowing that the services would have to be rendered in Richmond. No one ever told me different. . . . Although I accepted the job on July 14th, I did not move to Richmond until September the 9th or 10th of 1969. Eleven days later I told Mr. Fekety (Director of Research) I could no longer live in Richmond and that I was moving back to North Carolina. That was eleven days after I had arrived in Richmond. . . . .

. . . . It was on my own volition that I made the decision to go back to the Greensboro, North Carolina area and I moved back to a house that I had never sold. I moved back to Greensboro on September the 24th. I never went back to Richmond after I moved back to Greensboro. I rendered no further services out of Richmond whatsoever. I received no further pay from J. C. Wheat & Company after September 24, 1969. We were discussing the idea of continuing in North Carolina. We were talking about an entirely different job. My discussion with Wheat & Company after September 24, 1969 concerned a job somewhere else. I could no longer render the services of this job out of the Richmond office.

*    *    *

. . . . The last pay which I received was on September 30, 1969 and was for the last two full weeks of work. I suggested that they not pay me and that they cut off my pay until we resolved what I was doing in North Carolina. . . . . The last day for which I was paid by J. C. Wheat & Company was September the 23rd or 24th, the day before I came back home to Greensboro.

*    *    *

Going back to the beginning date of July 14, 1969, I made 18 days in July. I made 31 days in August. I was paid for 23 or 24 days in September. That totals to 72 or 73 days."

The parties stipulated that the only issues for the jury were as follows:

"1. Was the defendant, Paul M. Harbolick employed by the third party defendant, J. C. Wheat and Co., Inc., for a period of 90 days or more?

2. Did the language 'I will accept a fee paid position only' alter the contract between plaintiff, American Personnel, Inc., and defendant, Paul M. Harbolick, whereby such defendant was not obligated to the plaintiff for the employment fee if the defendant, Paul M. Harbolick, left the employment of J. C. Wheat and Co., Inc., or such employment was terminated?"

At the close of all the evidence the court concluded that no question of fact existed, entered a directed verdict answering each issue "no" and entered judgment for plaintiff in the amount of $2,880.00.

*Poyner, Geraghty, Hartsfield & Townsend by Marvin D. Musselwhite, Jr., and John L. Shaw for plaintiff appellee American Personnel, Inc.*

*Alspaugh, Rivenbark & Lively by Kent Lively for defendant appellant Harbolick.*

*Wolff and Harrell by Bernard A. Harrell for defendant appellee Wheat & Company, Inc.*

VAUGHN, Judge.

In jury trials in North Carolina the motion for nonsuit has been replaced by the motion for a directed verdict. G.S. 1A-1, Rule 50(a). "The motion for a directed verdict presents substantially the same question formerly presented by the motion for nonsuit, that is, whether the evidence considered in the light most favorable to the claimant will justify a verdict in his favor." *Cutts v. Casey,* 278 N.C. 390, 411, 180 S.E. 2d 297.

[1] As to granting a directed verdict in favor of Wheat on the issue of whether Harbolick was employed by them for a period of 90 days or more, we first observe that the burden of proof on this issue rested upon the defendant Harbolick. It was he who raised the issue in his answer and third party complaint. The word "employ" is defined:

"1a: to make use of. . . b: to use or occupy (as time) advantageously. . . c: to use or engage the services of . . . *also:* to provide with a job that pays wages or a salary or with a means of earning a living. . . d: to devote to or direct toward a particular activity or person. . . e: oc-

cupy, busy . . . ." p. 743. Webster's Third New International Dictionary (1968).

Harbolick's evidence, considered in the light most favorable to him, was insufficient to permit a finding that Harbolick was "employed" by J. C. Wheat and Co., Inc., for anything in excess of 72 or 73 days. The judgment granting a directed verdict in favor of third party defendant J. C. Wheat and Company, Inc., is affirmed.

We now consider the assignments of error directed to entry of a directed verdict in favor of plaintiff on the second issue. Although Rule 50(a) provides that all parties may move for directed verdict, it is generally true that the court cannot direct a verdict in favor of a party having the burden of proof. *Cutts v. Casey, supra.* Here, however, in view of the facts which were stipulated before trial and admitted by defendant at trial, the second issue presented only a question of law for the court.

[2] The issue presented the question of whether the phrase "I will accept a fee paid position only" added to the printed form by Harbolick had the effect of relieving Harbolick of any obligation to the plaintiff for the stipulated fee in the event Harbolick left the employment secured for him by the plaintiff. The parties have referred to this phrase as an alteration to the contract, but this is misleading. The contract was the entire document as written when it was signed on 6 June 1969. The parties have stipulated that this was the contract which controls their relationship.

"It is settled law that where the terms of a written instrument or contract are explicit, the court determines their effect by declaring their legal meaning." *Howland v. Stitzer,* 240 N.C. 689, 696, 84 S.E. 2d 167.

Section A(4) of the contract between American and Harbolick speaks explicitly to the situation admitted to exist in this case. Harbolick accepted a fee paid position. He then left that employment. Section A(4) of the contract states that under those conditions, American's ". . . fee shall be the full amount under the schedule below, even though the employer has paid all or part of my fee." The parties have stipulated that the fee paid by Wheat to American has been refunded by American.

The facts as stipulated and admitted by defendant Harbolick presented only a question of law. It was, therefore, proper for the court to direct a verdict in favor of plaintiff.

Affirmed.

Judges PARKER and GRAHAM concur.