MARGARET BLUE PARKER v. RAYMOND L. PITTMAN, JR., AND WIFE, SARA L. PITTMAN

No. 7312SC431

(Filed 27 June 1973)

1. Reformation of Instruments § 1— reformation of a deed

If a deed fails to express the true intention of the parties it may be reformed to express such intent only when the failure is due to the mutual mistake of the parties, to the mistake of one party induced by fraud of the other, or to the mistake of the draftsman.

2. Reformation of Instruments § 7— reformation of deed — insufficiency of evidence

In an action to reform a deed wherein it was established that the grantor owned a life estate in the property conveyed for the life of another and a one-half undivided interest in the remainder, that the grantor's son owned the other one-half undivided interest in the remainder, and that the grantor's deed conveyed to his son and to his stepdaughter a one-half undivided interest each in the property, plaintiff stepdaughter's evidence was insufficient to support reformation of the deed on the ground of mistake of the draftsman so as to vest in the stepdaughter a one-half interest in the entire property.

3. Deeds § 12— construction of deed — estates created

Where the grantor owned a life estate in the property conveyed for the life of another and a one-half undivided interest in the remainder, and the grantor's son owned the other one-half undivided interest in the remainder, grantor's deed conveying to his stepdaughter and son a one-half undivided interest each in the property as tenants in common did not convey the life estate in equal shares to each of the two grantees and the grantor's one-half interest in the remainder only to his stepdaughter to the exclusion of the son since the deed throughout treats the two grantees equally.

APPEAL by defendants from *Clark, Judge,* 20 November 1972 Session of Superior Court held in CUMBERLAND County.

This is a civil action in which plaintiff seeks judgment declaring her to be the owner of record of a one-half undivided interest in a certain tract of real property or, in the alternative and if the court should declare plaintiff owner of record of less than a one-half interest, to correct and reform a deed dated 5 April 1962 recorded in Book 995, page 25, of the Cumberland County Registry so as to vest in plaintiff a one-half interest. Jury trial was waived and the court found the facts. Certain of these, as to which there is no dispute, may be summarized as follows: By recorded deed dated 5 September 1945 the property in question, being a lot and building located in the City of Fayetteville, was conveyed to Dr. R. L. Pittman and wife, Grace S. Pittman, and to Raymond L. Pittman, Jr., subject to the outstanding right of one Maggie Williford Williamson to receive the rents therefrom during her natural life. It is admitted that this deed conveyed an undivided one-half interest in the property to Dr. and Mrs. Pittman as tenants by the entirety and an undivided one-half interest to Raymond L. Pittman, Jr., both interests being subject to the outstanding life estate. By recorded deed dated 6 November 1947 Maggie Williford Williamson conveyed her life estate to Pittman Realty Company. As part of the consideration for this deed the grantee corporation covenanted to pay to Maggie Williford Williamson from the rents from the property the sum of $250.00 monthly throughout her life, during which time she shall have a lien on the property as security for such monthly payments. By deed dated 10 January 1948 and recorded in Book 512, page 91, of the Cumberland County Registry, Pittman Realty Company conveyed all of its right, title and interest in the land, being the identical interest which had been conveyed to it by Maggie Williford Williamson by her deed dated 6 November 1947, to Dr. R. L. Pittman and wife, Grace Sykes Pittman, the grantees in this deed covenanting to make the $250.00 monthly payments from the rents to Maggie Williford Williamson throughout her lifetime as set forth in her deed to Pittman Realty Company. Grace S. Pittman died testate on 8 September 1961, her will dated 18 June 1958 containing a provision devising her interest in the subject property to her daughter, Margaret Blue Parker, the plaintiff herein.

By deed dated 5 April 1962 recorded in Book 995, page 25, Cumberland County Registry, Dr. R. L. Pittman executed and recorded a deed to Raymond L. Pittman, Jr., (defendant herein), and Margaret Blue Parker (plaintiff herein), conveying the

subject property, in which the words of conveyance are as follows:

> "WITNESSETH, That said party of the first part in consideration of other good and valuable consideration and the sum of Ten Dollars, to him paid by parties of the second part the receipt of which is hereby acknowledged, have bargained and sold, and by these presents do grant, bargain, sell and convey to said parties of the second part, their heirs and assigns, to each a ½ undivided interest as tenants in common in and to a certain tract or parcel of land in Cross Creek Township, Cumberland County, State of North Carolina, adjoining the lands of _____ and others and bounded as follows, viz:"

There then appears a metes and bounds description of the property, after which the following reference is made:

> "And being the same property conveyed to R. L. Pittman and Grace Sykes Pittman (Grace Sykes Pittman is now deceased) by deed from Pittman Realty Company, duly recorded in the Cumberland County Registry in Book 512, page 91."

The habendum and warranty clauses in this deed are as follows:

> "To HAVE AND TO HOLD to each a one-half undivided interest as tenants in common the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging to the said parties of the second part, their heirs and assigns, to their only use and behoof forever.

> "And the said party of the first part for himself and his heirs, executors and administrators, covenants with said parties of the second part, their heirs and assigns, that he is seized of said premises in fee and has right to convey in fee simple; that the same are free and clear from all encumbrances and that he does hereby forever warrant and will forever defend the said title to the same against the claims of all persons whomsoever."

This deed also contains a recital to the effect that the grantees covenanted to pay Maggie Williford Williamson $250.00 monthly from the rents on the property throughout her life. Dr. R. L. Pittman died testate on 1 August 1963, his will and a codicil thereto, both dated in 1958, making no specific mention of the

Parker v. Pittman

subject property, but making provision for a testamentary trust of the residue of the testator's estate.

In addition to the foregoing findings of fact, as to which there is no dispute, the trial court made the following finding of fact to which defendants excepted:

"8. That in the execution of the said deed, at the time Dr. R. L. Pittman made the aforesaid deed to the plaintiff and defendant dated April 5, 1962, he intended to make such conveyance as would vest an equal interest in fee simple in plaintiff and defendant in and to the subject property as tenants in common."

Based upon the foregoing findings of fact the trial court made conclusions of law in substance as follows: Prior to the death of Grace S. Pittman, she and her husband, Dr. R. L. Pittman, were owners as tenants by the entirety of (1) a life estate in the property for the life of Maggie Williford Williamson, subject to the latter's right to receive $250.00 monthly from the rents, and (2) an undivided one-half interest in the remainder; that Raymond L. Pittman, Jr., at that time owned the other one-half undivided interest in the remainder; that on the death of Grace S. Pittman, her husband, Dr. R. L. Pittman, as surviving tenant by the entirety, became owner of the same interests as had previously been owned by the two of them as tenants by the entirety, and no interest in the property passed by the will of Grace S. Pittman; that by his deed dated 5 April 1962 recorded in Book 995, page 25, Dr. R. L. Pittman "clearly intended for the plaintiff and defendant each to be vested with an equal undivided one-half interest in fee simple in said property as tenants in common, with the provision that the payment of the monthly rental to Maggie Williford Williamson be continued"; and that said deed, "as intended by the grantor, Dr. R. L. Pittman, conveyed to Margaret Blue Parker, a one-half undivided interest in fee and conveyed to Raymond L. Pittman, Jr., and Margaret Blue Parker, each a one-half undivided interest in the life interest and estate, and thereupon said life interest and estate of Maggie Williford Williamson was merged with the remainder in fee and both grantees became the owners of equal undivided interests in fee in and to the said lot subject only to the covenant to pay monthly rental."

Upon these findings of fact and conclusions of law, the court entered judgment decreeing that plaintiff, Margaret Blue

Parker, and defendant, Raymond L. Pittman, Jr., "are each the owners of an equal one-half undivided interest in fee simple in and to the Hay Street lot described in deed recorded in Book 995, page 25, Cumberland County Registry, subject to the right to monthly rental of Maggie Williford Williamson."

From this judgment, defendants appealed.

*Clark, Clark, Shaw & Clark by Heman R. Clark for plaintiff appellee.*

*McCoy, Weaver, Wiggins, Cleveland & Raper by Alfred E. Cleveland for defendant appellants.*

PARKER, Judge.

In her amended complaint plaintiff alleged that there was a "mutually agreed upon" testamentary plan between Grace S. Pittman (who was the mother of plaintiff and of the defendant, Raymond L. Pittman, Jr.) and Dr. R. L. Pittman (who was stepfather of the plaintiff and father of said defendant) "to give the plaintiff and defendant Raymond L. Pittman, Jr., a one-half undivided interest each in the property in question"; that following the death of Grace S. Pittman, Dr. Pittman "employed attorneys for the express purpose of making a deed which would convey a one-half undivided interest in this property to the plaintiff, and vest in the plaintiff and the defendant, Raymond L. Pittman, Jr., a one-half undivided interest each in the property"; that "through error and oversight" Dr. Pittman failed to mention to the attorneys the fact that Raymond L. Pittman, Jr., was already vested with a one-half undivided interest in the remainder; and that because the attorneys were "inadvertent" to this fact, they prepared the deed "without limiting the conveyance to the defendant, Raymond L. Pittman, Jr., to a one-half interest in the life estate only by express terms and language, so as to vest in the plaintiff and the defendant, Raymond L. Pittman, Jr., a one-half undivided interest each in and to the life estate and remainder interest in said property as was intended by all of said parties."

[1] . If a deed fails to express the true intention of the parties it may be reformed to express such intent only when the failure is due to the mutual mistake of the parties, to the mistake of one party induced by fraud of the other, or to mistake of the draftsman. "The mistake of one party to the deed, or instru-

ment, alone, not induced by the fraud of the other, affords no ground for relief by reformation." *Crawford v. Willoughby,* 192 N.C. 269, 134 S.E. 494. Even where appropriate grounds for reformation are asserted, "[w]hen a solemn document like a deed is revised by court of equity, the proof of mistake must be strong, cogent and convincing." *Hege v. Sellers,* 241 N.C. 240, 84 S.E. 2d 892. In the present case plaintiff alleged mistake of the draftsman as grounds for the equitable relief of reformation, but her proof failed to support her allegations.

[2] Plaintiff's evidence consisted solely of copies of recorded deeds in the chain of title, copies of the wills of her mother and stepfather, and her own testimony. The provisions in the two wills, neither of which is in the chain of title or otherwise directly affects title to the property involved, do not support plaintiff's allegations that there was a "mutually agreed upon" testamentary plan. Had the property passed under either will, the result would not have been to vest title in the manner for which plaintiff now contends. Her own testimony was confined principally to descriptions of the recorded documents and throws no light on the circumstances surrounding the preparation, execution, or delivery of the deed dated 5 April 1962 which she seeks to interpret or to reform. Plaintiff's proof being totally deficient to establish any grounds for reformation of that instrument, the trial court quite correctly did not grant that equitable relief, but limited its judgment to a legal interpretation of the instrument as drawn. In interpreting the legal effect of the instrument, however, in our opinion the trial court committed error.

"In construing a deed and determining the intention of the parties, ordinarily the intention must be gathered from the language of the deed itself when its terms are unambiguous." *Smith v. Smith,* 249 N.C. 669, 107 S.E. 2d 530. Only when the meaning of the language is in doubt may resort be had to evidence outside of the deed in order to determine the true intent of the grantor. 3 Strong, N. C. Index 2d, Deeds, § 11, p. 257. Here, not only was the language in the deed unambiguous, but there was simply no other evidence from which the grantor's intent might be found. Necessarily, therefore, we are limited in this case to the language contained in the deed itself in order to determine its legal effect.

[3] At the time Dr. Pittman executed the deed dated 5 April 1962 he owned (1) a life estate in the property for the life

of Maggie Williford Williamson (subject to the latter's right to receive $250.00 monthly from the rents of the property during her lifetime) and (2) a one-half undivided interest in the remainder. His son, Raymond L. Pittman, Jr., owned the other one-half undivided interest in the remainder. The trial court interpreted the deed dated 5 April 1962 as conveying (1) the life estate in equal shares to each of the two grantees and (2) the grantor's one-half interest in the remainder to only one of the two grantees, to the exclusion of the other. The deed itself, however, makes no such provision but throughout treats each of the two grantees equally. The language of the deed being clear and unequivocal, it must be given effect according to its terms, and we may not speculate that the grantor intended otherwise. "The grantor's intent must be understood as that expressed in the language of the deed and not necessarily such as may have existed in his mind if inconsistent with the legal import of the words he has used." *Pittman v. Stanley,* 231 N. C. 327, 56 S.E. 2d 657. Any other rule makes for too great instability of titles.

The judgment appealed from is reversed and this cause is remanded to the Superior Court in Cumberland County for entry of judgment in conformity with this opinion.

Reversed and remanded.

Judges CAMPBELL and MORRIS concur.