DELMAS DURHAM AND WIFE, IRENE W. DURHAM v. MARGIE M. CREECH (WIDOW); HAROLD L. CREECH, ADMINISTRATOR OF THE ESTATE OF JESSE S. CREECH; AND WILLIE FLOYD SMITH AND WIFE, MILDRED PARRISH SMITH

No. 7611SC605

(Filed 5 January 1977)

1. Reformation of Instruments § 7— ineffectiveness of deed to reserve life estate — mutual mistake — sufficiency of evidence

In an action for reformation of a deed on the ground of mutual mistake, evidence was sufficient to be submitted to the jury where it tended to show that plaintiffs intended to retain a life estate in their house and an acre of land surrounding it; plaintiffs would sell their property only on the condition that their life estate was perfected; the purchasers of the property agreed that plaintiffs should retain a life estate; and the deed from plaintiffs to defendant purchasers and the contemporaneously executed instrument providing for the life estate failed to express accurately the agreement of the parties as alleged in the complaint.

2. Reformation of Instruments § 9— land sold to third parties — no innocent purchasers — reformation not barred

In an action for reformation of a deed on the ground of mutual mistake, reformation was not barred because the purchasers conveyed the land to third parties, since the evidence was sufficient to show that the third parties were not innocent purchasers, but instead had actual knowledge of plaintiffs' claim to a life estate.

3. Reformation of Instruments § 3— wife as grantee of deed — husband as negotiator — husband's knowledge and intentions imputed to wife — reformation proper

In an action for reformation of a deed on the ground of mutual mistake, reformation would not be barred by the fact that the wife was the sole grantee in the deed while the husband alone conducted the negotiations resulting in execution of the deed, since the intentions and knowledge of the husband would be imputed to the wife if the jury found that the husband was the wife's agent.

APPEAL by plaintiffs from *Hobgood, Judge.* Judgment entered 10 March 1976 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 9 December 1976.

Delmas and Irene Durham (sometimes hereinafter the Durhams) reside in the home they have occupied since long before the events which led to this action occurred. In 1969, the Durhams filed a complaint seeking to reform a deed, executed by them 29 April 1961, on the alternative grounds of fraud or mutual mistake. In 1976, after numerous delays, trial was held, and at the close of all the evidence, the court directed a verdict for the defendants.

Only the Durhams presented evidence at the trial. Prior to 29 April 1961, the Durhams lived in a house located on approximately twenty acres of land in Johnston County. Both were in their early fifties, and Delmas Durham feared he was losing his health. They decided to sell the land they owned, reserving for themselves a life estate by the entireties in their home and the surrounding one acre of land. Apparently, the Durhams had some trouble finding a buyer for their property. However, they eventually spoke to Jesse Creech (now deceased and represented by his son and administrator, Harold Creech), and he agreed to buy the land, reserving to the Durhams a life estate in their house and the surrounding acre. Four witnesses, the Durhams, Harold Creech and Raymond Atkinson, testified about this agreement. They concurred in saying the Durhams were to retain a life estate in their home.

On 29 April 1961, the Durhams met Jesse Creech and Harold Creech in the office of an attorney who was selected by Jesse Creech, and who served as attorney for all parties. Margie Creech, Jesse's wife, said both that she was present and that she was not; her son Harold and Irene Durham said she was not. At this meeting, Jesse Creech and the Durhams explained their agreement to the attorney. Thereafter, he prepared a deed conveying the Durhams' property to Margie Creech in fee simple absolute. He gave this deed to Irene Durham, who refused to sign it, saying that it did not reserve to her and her husband the agreed upon life estate. The attorney then said he would correct this, and he dictated the following document:

"I, Jesse S. Creech, husband of Margie M. Creech, do hereby agree that Delmas Durham and wife, Irene Durham,

will be entitled to a right to live in the house located on the property this day purchased by Margie M. Creech from the said Delmas Durham and wife, Irene Durham, and also one acre of land for gardening purposes, so long as said property is owned by the said Margie M. Creech. However, the said Delmas Durham and wife, Irene Durham, shall be responsible for the upkeep of the house."

Irene Durham read this document. When she read that the property would be hers and her husband's only "so long as said property is owned by the said Margie M. Creech," she protested that the document failed to reserve to them a "lifetime right" in the property. In response to her objections, the attorney added this sentence to the document:

"This will be a lifetime right in the house and one acre of land for the life of Delmas Durham and wife, Irene Durham."

The attorney then told the Durhams that the papers reserved to them a "lifetime right" which would stand up in any court. Satisfied, they signed the deed and Jesse Creech signed the "lifetime right" document.

The Durhams received $6,000 for their property. At the time of the sale, Margie Creech did not know that the property was to be put in her name, but she testified that her husband "had authority from me to act in my behalf in regards to the Durham property." The Creeches recorded the deed. The Durhams retained the document quoted above without recording it, and they remained in their house.

Sometime in November 1962, Willie Floyd Smith and his wife (the Smiths) became interested in purchasing the property in question. The Durhams were then, as always, in possession of the house. Floyd Smith knew of their so-called lifetime right. Harold Creech told him; Albert Holland told him; and, according to Harold and his mother, Jesse Creech also told him. Smith, however, took an option on the property, which he recorded. Thereafter, the Durhams also told Smith about their interest in the land, and they showed him the document purportedly acknowledging their right. Smith expressed his opinion that the paper was useless, and that the Durhams had no interest in the land. Only then did the Durhams record their document.

---

---

Months passed, and the Smith option lapsed. The Durhams remained in their home. On 22 February 1963, Jesse and Margie Creech conveyed her property to the Smiths.

The Durhams brought this action against Margie Creech, Harold Creech, in his capacity as administrator of his father's estate, and the Smiths. They allege that their life estate was omitted from the deed in question because of the mutual mistake of the parties and their draftsman or, in the alternative, because of the fraud of Jesse Creech and the attorney. The defendants demurred to the complaint, saying it failed to allege fraud. The action was dormant until November 1972 when all parties took a voluntary and indefinite continuance. In January 1974, the defendants withdrew their demurrers, and on 28 February 1974, they filed an answer and a counterclaim for ejectment and to quiet title. After other procedural delays, and a premature interlocutory appeal, this case finally came to be heard in March 1976. At this time, only the plaintiffs' complaint was before the court; the defendants had taken a voluntary dismissal without prejudice as to their counterclaim.

At the close of plaintiffs' evidence, defendants moved for a directed verdict. This motion was denied. Defendants then rested without offering evidence and renewed their motion for a directed verdict. The motion was granted and plaintiffs appeal.

*L. Austin Stevens and E. V. Wilkins for plaintiff appellants.*

*James A. Wellons, Jr., and William R. Britt, for Willie Floyd Smith and Mildred Parrish Smith, defendant appellees.*

ARNOLD, Judge.

Plaintiffs assign error to the directed verdict in favor of defendants. Defendants' motion for directed verdict measures the sufficiency of the evidence according to this test: is the evidence, when considered in the light most favorable to plaintiffs, sufficient as a matter of law to support a jury verdict in plaintiffs' favor. If it is, the jury must be given the evidence for its consideration and decision. If it is not, the court must enter a directed verdict. *Summey v. Cauthen,* 283 N.C. 640, 197 S.E. 2d 549 (1973) ; *American Personnel, Inc. v. Harbolick,* 16 N.C. App. 107, 191 S.E. 2d 412 (1972).

Where a deed fails to express the true intention of the parties, and that failure is due to the mutual mistake of the parties,

or to the mistake of one party induced by fraud of the other, or to the mistake of the draftsman, the deed may be reformed to express the parties' true intent. *Parker v. Pittman,* 18 N.C. App. 500, 197 S.E. 2d 570 (1973). According to plaintiffs, it was the true intent of the parties here to reserve a life estate to plaintiffs.

Defendants correctly assert that there is no .evidence of fraud in this case. It does not appear that Jesse or Margie Creech made a statement which he or she knew to be false or which was in reckless disregard for the truth. No purpose is served by a discussion of the elements of fraud in this opinion. However, see, *Cofield v. Griffin,* 238 N.C. 377, 78 S.E. 2d 131 (1953).

When, due to the mutual mistake of the parties, or perhaps a mistake by their draftsman, the agreement expressed in a written instrument differs from the agreement actually made by the parties, the equitable remedy of reformation is available. However, reformation on grounds of mutual mistake is available only where the evidence is clear, cogent and convincing. *Parker v. Pittman, supra.* Whether the evidence is clear, cogent and convincing is for the jury. *Insurance Co. v. Hylton,* 7 N.C. App. 244, 172 S.E. 2d 226 (1970).

Executed contemporaneously with the deed which plaintiffs seek to reform was a written instrument purporting to reserve a life estate to plaintiffs. Defendants argue that there has been no judicial determination as to whether this instrument created a life estate, and that the plaintiffs have not shown any evidence of mutual mistake because the instrument was drafted and then changed at plaintiffs' request. We hold as a matter of law that this instrument referred to did not reserve or create a life estate in plaintiffs. (No opinion is expressed with respect to whether it constitutes color of title.)

[1] In order to reform the deed to the true intent of the parties plaintiff has the burden of showing that the deed fails to express the actual agreement because of the mutual mistake of the parties, or the mistake of their draftsman. There is evidence that the failure to reserve plaintiffs' life estate resulted from the draftsman's mistake. Testimony by the Durhams, Harold Creech and Raymond Atkins indicates that plaintiffs and Jesse Creech agreed that the plaintiffs were to retain a life estate to their house and an acre of land surrounding it. Testimony

by plaintiffs and Harold Creech, as well as the instrument which purports to reserve a life estate, show that the Durhams would sell their property only on the condition that their life estates was prefected. The jury could conclude that there was clear, cogent and convincing evidence of a mistake by the draftsman. The deed and the contemporaneously executed instrument fail to express accurately the agreement of the parties as alleged in the complaint.

It is immaterial whether the mistake arose out of the attorney's ignorance. This is not a case where reformation is sought of a bare mistake of law. A bare mistake of law generally affords no grounds for reformation. *Trust Company v. Braznell,* 227 N.C. 211, 41 S.E. 2d 744 (1947). There is evidence that the parties agreed and intended to reserve a life estate. The instrument purporting to reserve the life estate, executed along with the deed, was ineffectual, which may be a mistake of law as to the legal efficacy of the transaction. However, the failure to accomplish the intention of the parties, to reserve a life estate, was a mistake of fact which will afford reformation. See, *Trust Company v. Braznell, supra.*

Evidence which tends to show the draftsman's error also tends to show that the parties were mistaken in their beliefs. The evidence would support a finding of mutual mistake by the parties.

[2] Reformation is not barred because Margie Creech conveyed the land to third parties, the Smiths. In *Archer v. McClure,* 166 N.C. 140, 144, 81 S.E. 1081 (1914), our Supreme Court said:

" . . . where because of mistake an instrument does not express the real intention of the parties, equity will correct the mistake unless the rights of third parties, having prior and better equities, have intervened."

A third party's equities are not great enough unless he is a bona fide purchaser, i.e., one who purchases without notice, actual or constructive, and who pays valuable consideration. *Morehead v. Harris,* 262 N.C. 330, 137 S.E. 2d 174 (1964); *Crews v. Crews,* 210 N.C. 217, 186 S.E. 156 (1936); Dobbs, Remedies, § 11.6 (1973). There is evidence that the Smiths were not bona fide purchasers. Plaintiffs, Harold Creech, Margie Creech, and Albert Holland all testified concerning the Smiths'

actual knowledge of plaintiffs' claim to a life estate. Willie F. Smith was actually shown the instrument purporting to preserve the plaintiffs' life estate. There is ample service that the Smiths were not innocent purchasers of the property in question.

[3]  Margie Creech, not Jesse Creech, was the sole grantee in the deed from the Durhams. This fact does not bar reformation because there is also evidence that Jesse Creech was acting as agent for Margie Creech. He conducted the negotiations, and, in his own name, purported to reserve the plaintiffs' life estate. Margie Creech's own testimony presents evidence that he was her agent. She said, "On this occasion in [the attorney's] office, my husband had authority from me to act in my behalf in regards to the Durham property, to act as he saw fit." If the jury finds that Jesse Creech was Margie Creech's agent, then his intentions and knowledge are imputed to her.

There is evidence of a mutual mistake by the parties and their draftsman. The record reflects nothing which bars reformation as a matter of law. Directed verdict was improper.

Reversed and remanded.

Judges VAUGHN and MARTIN concur.