MARIE HOPPER LIGHT, INDIVIDUALLY, AND MARIE HOPPER LIGHT, EX-
ECUTRIX OF THE ESTATE OF LUTHER CURTIS LIGHT, DECEASED, PLAINTIFFS
v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES,
DEFENDANT AND THIRD-PARTY PLAINTIFF v. MARCELLE SAUNDERS LIGHT,
THIRD-PARTY DEFENDANT

No. 8117SC430

(Filed 16 February 1982)

**Insurance § 29.1— intent to change beneficiary — failure to insert policy number —
original beneficiary recovers**

The trial court erred in entering summary judgment for the plaintiff who
had presented several affidavits supporting her claim that decedent and plain-
tiff went to the personnel office of their place of work and together requested
change of beneficiary forms in order that decedent could change all of his in-
surance to name plaintiff as beneficiary and plaintiff would change all of her
insurance to designate decedent as beneficiary; that the personnel at their
place of work failed to insert one of the policy numbers on decedent's change
of beneficiary form, and that, as a result, decedent's first wife remained
beneficiary on one of the insurance policies. The equitable remedy of reforma-
tion is available when, because of the mutual mistake of the parties, the agree-
ment expressed in a written instrument differs from the actual agreement
made by the parties. The omission of the policy number from decedent's
change of beneficiary form was due to the unilateral mistake of decedent, and
the proceeds of the insurance policy should be paid to decedent's first wife, as
named beneficiary on the policy.

Judge MARTIN (Robert M.) dissents.

APPEAL by third-party defendant, Marcelle Saunders Light,
from *Davis, Judge.* Judgment entered 26 January 1981 in
Superior Court, ROCKINGHAM County. Heard in the Court of Ap-
peals on 9 December 1981.

This is a civil action wherein plaintiff, Marie Hopper Light,
individually and as executrix of the estate of Luther Curtis Light,
seeks to have a change in beneficiary form "reformed to speak
the truth and to correct [a] mistake and inadvertent omission by
inserting the appropriate numerals for . . . [a] supplemental in-
surance" policy issued by defendant insurance company on the
life of Luther Curtis Light. Plaintiff also seeks to recover judg-
ment against the defendant, Equitable Life Assurance, in the sum
of $30,000, as the true beneficiary of the life insurance policy.

In her complaint, plaintiff alleged that she was married to
Luther Curtis Light on 10 February 1974; that defendant Equita-

ble Life Assurance insured his life under three policies numbered #3920, #3920-D, and #14599; and that this insurance coverage was afforded Luther Curtis Light by his employer, Fieldcrest Mills. Plaintiff also alleged that on 11 September 1973 Luther Curtis Light went to the offices of Fieldcrest, agent of defendant Equitable Life Assurance, with the specific purpose of changing the designated beneficiary of all the insurance policies issued by defendant on his life; that he was provided a change of beneficiary form; and that he executed the form. Plaintiff also alleged that not all of the identifying insurance policy numbers were inserted by the Fieldcrest personnel on the change of beneficiary form, and that such omission was the result of some inadvertence, mistake, or oversight of the Fieldcrest personnel, who were acting as agents of defendant Equitable Life Assurance. Plaintiff further alleged that the "omission was made without the knowledge, consent, or approval of Luther Curtis Light and con- stituted a mutual mistake of Luther Curtis Light and the defend- ant," and that Luther Curtis Light executed the forms intending to substitute the individual plaintiff, who at that time was his girlfriend, as sole beneficiary of all the life insurance proceeds in substitution for Marcelle Saunders Light, who at that time was his wife and who had theretofore been named as sole beneficiary. Plaintiff also alleged that at the time Luther Curtis Light ex- ecuted the change of beneficiary forms, he was separated from Marcelle Saunders Light and that he was at that time the subject of a civil action instituted against him by Marcelle Saunders Light for alimony and child support. Plaintiff further alleged that Luther Curtis Light and Marcelle Saunders Light were divorced on 7 February 1974. Plaintiff's complaint prayed to have the change of beneficiary form reformed to insert the appropriate numerals of the omitted insurance policy, and that Marie Hopper Light recover of defendant all the life insurance proceeds.

Defendant insurance company filed an answer and admitted issuance of the life insurance policies and that it received and refused to comply with a demand made by the individual plaintiff that it pay her $30,000 pursuant to supplemental life insurance policy #14599. Defendant insurance company denied that there was any mutual mistake with respect to the change of the beneficiary. Defendant Equitable Life Assurance likewise filed a third-party complaint against third-party defendant Marcelle

Saunders Light, wherein it alleged by way of interpleader that claims for the $30,000 in insurance proceeds had been made upon it by both the plaintiff and the third-party defendant, that it did not contest the fact that the $30,000 was due and owing to either the individual plaintiff or the third-party defendant, and that the third-party defendant should be interpleaded so as to allow the court to determine which party was entitled to the proceeds. The third-party complaint prayed for an order allowing defendant Equitable to deposit the $30,000 into the court and have the court disburse the proceeds to the proper party entitled to said monies.

The interpleaded third-party defendant filed an answer to the third-party complaint and denied plaintiff's allegations of mutual mistake and denied defendant's allegations that she, third-party defendant, should be interpleaded. As a further defense, third-party defendant moved to dismiss the plaintiff's complaint under Rule 12(b)(6). Third-party defendant also prayed that defendant pay her, as lawful beneficiary of policy #14599, the $30,000 in proceeds.

Plaintiff moved for summary judgment and undertook to support her motion for summary judgment with her own affidavit, which in substance reiterated the allegations of her complaint and also contained the following statements:

[O]n the 11th day of September, 1973, Luther Curtis Light and I obtained and signed change of beneficiary forms so that he would be named the beneficiary of the insurance which I have by virtue of my employment with Fieldcrest Mills, Inc., and I would be named the beneficiary of the insurance he held by virtue of his employment with Fieldcrest Mills, Inc. At that time, I was known as Marie Helen Yeatts.

The change of beneficiary forms which we received at that time, were completely blank except for the printed matter which constituted the form itself. Both he and I checked each of the blocks indicating that we wished to change the beneficiaries on our insurance coverage as required on the face of the form. Each of us designated the other as beneficiary of our respective policies and we signed and dated them. . . .

Neither Luther nor I knew the numbers of our insurance policies and the policy and the certificate numbers were in-

serted by personnel of the insurance office in accordance with the customary practice of Fieldcrest Mills, Inc.

Through some inadvertence or neglect, personnel in the insurance office of Fieldcrest Mills, Inc., failed to insert all of the policy and certificate numbers applicable to insurance on the life of Luther Curtis Light upon the change of beneficiary form which was executed by him.

.  .  .

Luther Curtis Light did all that was required by the insurance company and by Fieldcrest Mills, Inc., to accomplish the change of beneficiary and everything that he could have been reasonably expected to do to change the beneficiary to that designated on the change of beneficiary form.

Plaintiff further undertook to support her motion for summary judgment with the following:

(1) The affidavit of Louise Lay, an employee of Fieldcrest, which stated:

I recall being present at the Mill in September, 1973, when Luther and Marie signed forms to change the beneficiaries of their insurance with Fieldcrest. They had been going together for a long time and Luther's wife was suing him for alimony. They told me they wanted to change the beneficiaries of their insurance. Luther said he didn't want his wife to be his beneficiary. He wanted Marie to have his insurance benefits. Marie said her children had been her beneficiary and she wanted to change it to make Luther her beneficiary.

They were very much in love at the time;

(2) the affidavit of Raven Ellis, which stated that he was Manager of Employee Benefits at Fieldcrest, that among those benefits is a group life insurance program through Equitable Life Assurance, and that

[w]ith respect to the matters involving requests by employees for the change of designated beneficiaries of their life insurance coverages, Fieldcrest Mills, Inc., acts as agent of the insurance company in that the change of beneficiary

forms are provided to "Fieldcrest" by the insurance company; "Fieldcrest" personnel distributes the form to employees desiring to change beneficiaries; "Fieldcrest" personnel will render assistance to employees in explaining and filling out the forms; upon request by authorized personnel of "Fieldcrest", the insurance office of "Fieldcrest" will furnish the numbers of policies and certificates to be inserted in the form; and the insurance office of "Fieldcrest" will receive and file the completed forms and otherwise maintain the records relating to the beneficiaries of the insured as a part of the agreement between "Fieldcrest" and the insurance company for the administration of the insurance program. An employee may change the beneficiary of his life insurance coverages from time to time by written request filed with the employer;

(3) the affidavit of Frances Jarrett, which stated that

On or about September 11, 1973, Luther Curtis Light, usually called Curtis, and Marie Helen Yeatts asked me to act as a witness to signatures on forms to change the beneficiaries of the group insurance they held as employees at Fieldcrest. I was glad to be of assistance and witnessed their signatures as requrested [sic].

I do not recall whether insurance policy or certificate numbers were inserted on the form at the time I signed as witness. I did not participate in filling out the forms other than to sign as a witness.

According to what Curtis said at the time, I understood that he wanted to make Marie Yeatts the beneficiary of all of his insurance. And I am of the opinion that he believed that the form he signed would accomplish that purpose;

(4) the affidavit of Jack Jarrett, which stated that

As part of my duties as Personnel Manager of the Sheeting and Blanket Mill, Draper Section, Fieldcrest Mills, I provided insurance company forms to enable Luther Curtis Light and Marie Helen Yeatts to change the designated beneficiaries of the insurance they held as employees of the company.

It was and still is customary for employees of this plant to come to my office to obtain the necessary forms to change

the beneficiary of group insurance provided for them by the company. On or about September 11, 1973, Curtis came to my office, requested the forms and told me that he and Marie were planning to get married and that they wanted to change their insurance over to each other. According to the way he talked, I understood that he wanted to make Marie the beneficiary of all of his insurance and that she wanted to make him beneficiary of all of her insurance.

I furnished a form for Curtis and a form for Marie to sign and return. A copy of the blank form furnished for each of them is attached hereto.

. . .

In my opinion Curtis had the impression that he was doing all that was necessary to change the beneficiary of all of his insurance when he sent his form in to the office.

Employees rarely know the numbers of their insurance policies and certificates and it would not have been unusual for some personnel of the company to assist with the insertion of numbers for insurance policies and certificates. I do not know whether anyone assisted Curtis or not;

(5) the affidavit of John Cassell, which stated that he was a co-employee of Luther Curtis Light and knew him well. The affidavit further stated that

I was well aware of his domestic trouble with his first wife, Marcelle, and the courtship of his second wife, Marie. I know that Luther wanted Marie to be beneficiary of all of his insurance because he didn't want his first wife to have any more than she had already gotten from what he regarded as a very costly divorce settlement.

In 1973 it would have been customary for some appropriate personnel of Fieldcrest Mills to assist with the insertion of insurance policy and certificate numbers to accomplish the change of a designated beneficiary for the reason that employees rarely know the numbers and were not acquainted with the forms.

The court denied the third-party defendant's motion to dismiss and allowed summary judgment for plaintiff and ordered

that the change of beneficiary form be reformed to include life insurance policy #14599, that the court pay the individual plaintiff the $30,000 in insurance proceeds received from defendant, and that the costs of the action be taxed against the third-party defendant. Marcelle Saunders Light, third-party defendant, appealed.

*Gwyn, Gwyn & Morgan, by Julius J. Gwyn, for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter, for defendant appellee.*

*Lunsford & West, by John W. Lunsford, for third-party defendant appellant.*

HEDRICK, Judge.

By entering summary judgment for the plaintiff, the trial judge obviously concluded from an examination of the pleadings, affidavits, and exhibits that there were no genuine issues of material fact, and that plaintiff was entitled as a matter of law to have the change of beneficiary form "reformed to speak the truth and to correct the mistake and inadvertent omission by inserting the appropriate numerals for the designation of the . . . supplemental insurance issued by defendant on the life of Luther Curtis Light under #14599" because of the "mutual mistake" of Luther Curtis Light and defendant. We agree that there are no genuine issues of material fact. Our review, therefore, is limited to determining whether the individual plaintiff or the third-party defendant is entitled to summary judgment.

The equitable remedy of reformation is available when, because of the mutual mistake of the parties, the agreement expressed in a written instrument differs from the actual agreement made by the parties. *Durham v. Creech*, 32 N.C. App. 55, 231 S.E. 2d 163 (1977). The mistake of only one party to the instrument, if such mistake was not induced by the fraud of the other party, affords no ground for relief by reformation. *Parker v. Pittman*, 18 N.C. App. 500, 197 S.E. 2d 570 (1973). The party asking for relief, by reformation of a written instrument, must prove, first, that a material stipulation was agreed upon by the parties to be incorporated in the instrument as written; and, second, that such

stipulation was omitted from the instrument by mistake, either of both parties, or of one party, induced by the fraud of the other, or by the mistake of the draftsman. *Matthews v. Shamrock Van Lines, Inc.*, 264 N.C. 722, 142 S.E. 2d 665 (1965). Equity will give relief by reformation only when a mistake has been made, and the written instrument, because of the mistake, does not express the true intent of both parties. *Matthews v. Shamrock Van Lines, Inc., supra.* "[R]eformation on grounds of mutual mistake is available only where the evidence is clear, cogent and convincing." *Durham v. Creech, supra* at 59, 231 S.E. 2d at 166.

In the present case, the process of changing the beneficiary was the sole responsibility of the insured. The only part played by the insurance company was to provide the form for making any change desired by the insured. The form provided by the defendant company through its agent, Fieldcrest Mills, Inc., contained the following instructions:

> This form is to be properly completed in duplicate and submitted to your employer so that the insurance records may be changed. . . .

> Refer to your certificate(s) or to your Insurance Advisor for any questions. . . .

> Insert all your Group Life and Group AD&D Policy and Certificate Numbers on which you want the beneficiaries changed.

> NOTE: THE CHANGE WILL BE MADE ONLY UNDER THE NUMBERS SHOWN.

The evidence offered in support of plaintiff's motion for summary judgment discloses that the omission of policy #14599 from the change of beneficiary form was due to the unilateral mistake of the insured, Luther Curtis Light. Assuming arguendo that the competent evidence in the record raises an inference that the insured intended to make the individual plaintiff the beneficiary of policy #14599, the nature of the act of changing the beneficiary is such as to preclude the insurance company's having any intention with regard thereto. Since the record discloses an absolute bar to plaintiff's claim to have the individual plaintiff made the beneficiary of policy #14599 because of the mutual mistake of the insured and the defendant insurance company, summary judg-

ment for plaintiff was improper and must be reversed. G.S. § 1A-1, Rule 56(c) provides that judgment shall be entered for any party if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, disclose there are no genuine issues of material fact and that any party is entitled to judgment as a matter of law. Since there are no genuine issues of material fact and since the defendant insurance company has admitted it is liable on policy #14599 to either the plaintiff or the third-party defendant, and since the record discloses and we have concluded that the individual plaintiff is not entitled on this record to recover the proceeds from policy #14599, and since the record establishes that the third-party defendant is the named beneficiary of policy #14599, the third-party defendant, Marcelle Saunders Light, is entitled to recover from defendant Equitable Life Assurance the sum of $30,000, and since the defendant has paid that sum into court, this cause is remanded to the superior court with directions that judgment be entered in favor of the third-party defendant against the defendant, Equitable Life Assurance, and that the court enter an order requiring the sums heretofore deposited by the defendant insurance company be paid to the third-party defendant.

Reversed and remanded with instructions.

Chief Judge MORRIS concurs.

Judge MARTIN (Robert M.) dissents.