286 S.E.2d 868 (1982)
Marie Hopper LIGHT, Individually, and Marie Hopper Light, Executrix of the Estate of Luther Curtis Light, Deceased, Plaintiffs,
v.
EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant and Third-Party Plaintiff,
v.
Marcelle Saunders LIGHT, Third-Party Defendant.
No. 8117SC430.
Court of Appeals of North Carolina.
February 16, 1982.
*872 Gwyn, Gwyn & Morgan by Julius J. Gwyn, Reidsville, for plaintiff-appellee.
Womble, Carlyle, Sandridge & Rice by Allan R. Gitter, Winston-Salem, for defendant-appellee.
Lunsford & West by John W. Lunsford, Greensboro, for third-party defendant-appellant.
HEDRICK, Judge.
By entering summary judgment for the plaintiff, the trial judge obviously concluded from an examination of the pleadings, affidavits, and exhibits that there were no genuine issues of material fact, and that plaintiff was entitled as a matter of law to have the change of beneficiary form "reformed to speak the truth and to correct the mistake and inadvertent omission by inserting the appropriate numerals for the designation of the ... supplemental insurance issued by defendant on the life of Luther Curtis Light under # 14599" because of the "mutual mistake" of Luther Curtis Light and defendant. We agree that there are no genuine issues of material fact. Our review, therefore, is limited to determining whether the individual plaintiff or the third-party defendant is entitled to summary judgment.
The equitable remedy of reformation is available when, because of the mutual mistake of the parties, the agreement expressed in a written instrument differs from the actual agreement made by the parties. Durham v. Creech, 32 N.C.App. 55, 231 S.E.2d 163 (1977). The mistake of only one party to the instrument, if such mistake was not induced by the fraud of the other party, affords no ground for relief by reformation. Parker v. Pittman, 18 N.C.App. 500, 197 S.E.2d 570 (1973). The party asking for relief, by reformation of a written instrument, must prove, first, that a material stipulation was agreed upon by the parties to be incorporated in the instrument as written; and, second, that such stipulation was omitted from the instrument by mistake, either of both parties, or of one party, induced by the fraud of the other, or by the mistake of the draftsman. Matthews v. Shamrock Van Lines, Inc., 264 N.C. 722, 142 S.E.2d 665 (1965). Equity will give relief by reformation only when a mistake has been made, and the written instrument, because of the mistake, does not express the true intent of both parties. Matthews v. Shamrock Van Lines, Inc., supra. "[R]eformation on grounds of mutual mistake is available only where the evidence is clear, cogent and convincing." Durham v. Creech, supra at 59, 231 S.E.2d at 166.
In the present case, the process of changing the beneficiary was the sole responsibility of the insured. The only part played by the insurance company was to provide the form for making any change desired by the insured. The form provided by the defendant company through its agent, Fieldcrest Mills, Inc., contained the following instructions:
This form is to be properly completed in duplicate and submitted to your employer so that the insurance records may be changed....
Refer to your certificate(s) or to your Insurance Advisor for any questions....
Insert all your Group Life and Group AD&D Policy and Certificate Numbers on which you want the beneficiaries changed.
NOTE: THE CHANGE WILL BE MADE ONLY UNDER THE NUMBERS SHOWN.
The evidence offered in support of plaintiff's motion for summary judgment discloses that the omission of policy # 14599 from the change of beneficiary form was due to the unilateral mistake of the insured, Luther Curtis Light. Assuming arguendo that the competent evidence in the record raises an inference that the insured intended to make the individual plaintiff the beneficiary of policy # 14599, the nature of the act of changing the beneficiary is such as to preclude the insurance company's having any intention with regard thereto. Since the record discloses an absolute bar to plaintiff's *873 claim to have the individual plaintiff made the beneficiary of policy # 14599 because of the mutual mistake of the insured and the defendant insurance company, summary judgment for plaintiff was improper and must be reversed. G.S. § 1A-1, Rule 56(c) provides that judgment shall be entered for any party if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, disclose there are no genuine issues of material fact and that any party is entitled to judgment as a matter of law. Since there are no genuine issues of material fact and since the defendant insurance company has admitted it is liable on policy # 14599 to either the plaintiff or the third-party defendant, and since the record discloses and we have concluded that the individual plaintiff is not entitled on this record to recover the proceeds from policy # 14599, and since the record establishes that the third-party defendant is the named beneficiary of policy # 14599, the third-party defendant, Marcelle Saunders Light, is entitled to recover from defendant Equitable Life Assurance the sum of $30,000, and since the defendant has paid that sum into court, this cause is remanded to the superior court with directions that judgment be entered in favor of the third-party defendant against the defendant, Equitable Life Assurance, and that the court enter an order requiring the sums heretofore deposited by the defendant insurance company be paid to the third-party defendant.
Reversed and remanded with instructions.
MORRIS, C. J., concurs.
ROBERT M. MARTIN, J., dissents.