ALLAN S. MEADE & ASSOCIATES, INC. AND ALLAN S. MEADE, INC. v. MURRAY D. McGARRY AND WIFE, KATHRYN B. McGARRY; JOSEPHINE M. BROWN, TRUSTEE; AND WACHOVIA MORTGAGE COMPANY

No. 8326SC791

(Filed 15 May 1984)

1. **Contracts § 2.5— summary judgment for defendants proper—reformation of contract not shown**

   In an action in which plaintiffs sought to recover sums allegedly due on a contract for construction of a personal residence, the trial court properly

granted summary judgment for defendants where plaintiffs failed to support their claim for reformation of contract to allow substitution of parties. The equitable remedy of reformation of contract is available when the agreement expressed in the contract differs from the actual agreement of the parties because of mutual mistake, and in the instant case, the record was unequivocal in establishing that the corporate plaintiff with a limited general contractor's license entered into the contract with defendants, that the same corporation performed the contract, and that the sums paid by defendants were deposited in the account of the corporation with the limited general contractor's license and not with the corporation with the unlimited general contractor's license.

**2. Contracts § 6.1— contract over limit of contractor's license—owner unable to waive licensing requirement**

There was no merit to a limited general contractor's argument that defendant homeowners waived the statutory licensing requirement and are estopped from asserting the requirements as a defense to plaintiff's action since "nothing in the licensing statute authorizes a person with whom an unlicensed contractor deals to waive the requirements of the statute."

APPEAL by plaintiffs from *Snepp, Judge.* Judgment entered 16 March 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 3 May 1984.

This is a civil action wherein plaintiffs seek to recover sums allegedly due on a contract for construction of a personal residence, to have the sum due be declared a lien on the property, and to have the contract reformed by substituting for the name of one plaintiff the name of the other. The record reveals the following:

Plaintiffs are North Carolina corporations engaged in the business of general contracting. Allan S. Meade and his wife each own a fifty percent interest in each corporation. Mr. Meade is the president and treasurer of each company, and his wife is vice president and secretary. Allan S. Meade & Associates, Inc. (hereinafter "Associates, Inc."), was incorporated in September, 1975, and obtained a limited general contractor's license approximately one year later. Associates, Inc., renewed this license annually and, under its provisions, could serve as a general contractor only on projects not exceeding $125,000.00 in value. Allan S. Meade, Inc. (hereinafter "Meade, Inc."), was incorporated in December, 1979, and holds an unlimited general contractor's license, issued 25 July 1980.

In July 1980 plaintiff Associates, Inc., entered into a written contract with defendants, Mr. and Mrs. McGarry, to construct a

residence on property owned by the McGarrys at an original contract price of $267,000.00. Additional costs increased the total price of the dwelling to $286,418.93. Defendants have paid plaintiff Associates, Inc., a total of $233,565.24.

By this action, plaintiffs seek to recover the balance of $52,853.69. Plaintiffs also ask that the contract be reformed by substituting "Allan S. Meade, Inc." for "Allan S. Meade & Associates, Inc." in the contract and "any other writings arising out of or in any way connected with said contract."

On 29 October 1982 defendants filed a motion for summary judgment based upon their contentions that Associates, Inc. is barred from recovery because of its limited general contractor's license and that the evidence, considered in the light most favorable to the plaintiffs, fails to support plaintiffs' claim for reformation of the contract. On 16 March 1983 the court granted summary judgment for defendants. Plaintiffs appealed.

*Perry, Patrick, Farmer & Michaux, P.A., by Richard W. Wilson, for plaintiffs, appellants.*

*Berry, Hogewood, Edwards & Freeman, P.A., by Dean Gibson, for defendants, appellees.*

HEDRICK, Judge.

[1] In Assignment of Error No. 1, plaintiffs contend summary judgment for defendants was inappropriate because the forecast of evidence revealed at least two genuine issues of material fact. In relation to their claim for reformation of the contract, plaintiffs argue that the question of the parties' intent was one for the jury. Plaintiffs' contentions in respect to this argument are set out in their brief as follows:

> It is Plaintiffs' position that both Plaintiffs and Defendants, McGarry, intended for the construction contract to be entered into by a contractor having a general contractors license in an amount sufficient to cover the planned construction. Therefore, inasmuch as Plaintiff, Associates, Inc., had a limited license . . . and Plaintiff, Meade, Inc., had an unlimited license, it was mutually intended that Plaintiff, Meade, Inc., be the contractor under the contract. . . .

However, due to an inadvertence and mutual mistake of the parties, Plaintiff, Associates, Inc., executed the contract.

The equitable remedy of reformation of contract is available when the agreement expressed in the contract differs from the actual agreement of the parties because of mutual mistake, mistake of one party induced by fraud of the other, or mistake of the draftsman. *Durham v. Creech*, 32 N.C. App. 55, 231 S.E. 2d 163 (1977). As a general rule, of course, it is presumed that an instrument is correct as written and executed. *Hice v. Hi-Mil, Inc.*, 301 N.C. 647, 273 S.E. 2d 268 (1981). This presumption may be rebutted when plaintiff proves by clear and convincing evidence that: "[(1)] a material stipulation was agreed upon by the parties to be incorporated in the instrument as written; and [(2)] that such stipulation was omitted from the instrument by mistake, either of both parties, or of one party, induced by the fraud of the other, or by the mistake of the draftsman." *Light v. Equitable Life Assurance Society*, 56 N.C. App. 26, 32-33, 286 S.E. 2d 868, 872 (1982).

In the instant case, the record is unequivocal in establishing that Associates, Inc., entered into the contract with defendants, that Associates, Inc., performed the contract, and that the sums paid by defendants were deposited in the account of Associates, Inc. Indeed, Mr. Meade testified in his deposition that Meade, Inc. "had nothing to do with the McGarry job." Mr. Meade also testified that he was aware throughout negotiations with defendants and performance of the contract that Associates, Inc., was the company that was responsible for building the McGarry residence. Affidavits by defendants McGarry contain the following statements:

2. From the beginning of our negotiations through all phases of construction, I understood that my [spouse] and I had entered into a contract with Allan S. Meade & Associates, Inc., and with no other company.

3. During the negotiations of the subject contract and through all phases of the construction of our residence, I was not aware that Allan S. Meade was an officer or shareholder of any corporation other than Allan S. Meade & Associates, Inc.

4. I did not learn of the existence of Allan S. Meade, Inc. until the filing of this lawsuit.

We think this and other evidence contained in the record falls far short of raising an issue as to the existence of mutual mistake. Indeed, when the evidence is considered in the light most favorable to plaintiffs, it indicates that plaintiffs were mistaken, if at all, only about the legal effect of entering into a contract for an amount exceeding the statutory limit. Plaintiffs have produced no forecast of evidence suggesting that they are able to rebut the presumption that the written agreement between the parties accurately reflects their actual agreement.

[2] Plaintiffs further contend that a genuine issue of material fact exists as to "whether Defendants, McGarry, with full knowledge that Plaintiff, Associates, Inc. held a limited contractors license, allowed, Plaintiff . . . to furnish labor and materials under the subject construction contract." Plaintiffs' argument in this regard is "that Defendants waived and are estopped from asserting licensing requirements as a defense to Plaintiffs' action." Plaintiffs have cited no cases and we have found none holding that an owner may waive the statutory licensing requirement. We find the statements of this Court, in *Construction Co. v. Anderson*, 5 N.C. App. 12, 20, 168 S.E. 2d 18, 23 (1969) persuasive: "[N]othing in the licensing statute authorizes a person with whom an unlicensed contractor deals to waive the requirements of the statute or grants the unlicensed contractor immunity merely because he advises one of his customers that he is acting in violation of the statute."

By their final assignment of error plaintiffs contend that, even if there were no genuine issues of material fact, summary judgment was nevertheless inappropriate because defendants were not entitled to judgment as a matter of law. Plaintiffs base their argument in this regard on the now defunct doctrine of substantial compliance, specifically and emphatically rejected by our Supreme Court in *Brady v. Fulghum*, 309 N.C. 580, 308 S.E. 2d 327 (1983). This assignment of error is without merit.

Affirmed.

Judges ARNOLD and PHILLIPS concur.